1  QIANG BJORNBAK ESQ., SBN 221790
2  510 W. 6th Street, Suite 1024
   Los Angeles, CA 90014
3  Telephone: (310) 403-8516
   Facsimile: (626) 941-6648
4
5  Attorney for Defendants/Cross-Plaintiffs
   David and Qiang Bjornbak
6
7              UNITED STATES BANKRUPTCY COURT
8                Central District of California
9                 Woodland Hills Division

10 | In Re LANNY JAY DUGAR,            ) Case No.  1:20-bk-11166-VK
                                       )
11 |       Debtor.                      ) Chapter 7
                                       )
12 | _____    ) Adv. Case No. 1:20-ap-01083-vk
                                       )
13                                      )
   David Bjornbak, an individual, Qiang ) PLAINTIFF Bjornbaks' NOTICE OF
14 Bjornbak, an individual,            ) MOTION AND MOTION FOR
                                       ) SUMMARY JUDGMENT;
15 Plaintiffs,                         ) MEMORANDUM OF POINTS AND
                                       ) AUTHORITIES IN SUPPORT
16 Vs.                                 ) THEREOF [Concurrently filed with Proposed
                                       ) Statement of Uncontroverted Facts and
17 Lanny Jay Dugar, an individual, Defendant. ) Conclusions of Law; Declaration of
                                       ) Qiang Bjornbak, Exhibits1-73]
18                                      )
19                                      ) Hearing
                                       ) Date: To be set by the Court
20                                      ) Time: To be set by the Court
                                       ) Courtroom: 301
21                                      ) Place: 21041 Burbank Blvd.
22                                      )
                                       )
23 | _____    )

24 TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY

25 JUDGE, THE DEFENDANTS, AND ALL PARTIES-IN-INTEREST:

26

27

28

PLEASE TAKE NOTICE THAT Plaintiffs David Bjornbak, Qiang Bjornbak, ("Plaintiff" or the "Bjornbaks") moves this honorable Court for summary judgment as a matter of law (the "Motion") in favor of the Plaintiffs and against defendant Lanny Jay Dugar Bjornbaks or, alternatively, an order granting summary adjudication as to any particular issue or elements subject to this Motion and/or as to any particular Defendant(s) as the Court deems appropriate. By way of this Motion, the Plaintiffs respectfully seeks summary judgment or, alternatively, an order for partial summary judgment (or summary adjudication) pursuant to Federal Rule of Civil Procedure ("FRCP") 56, made applicable herein by Federal Rule of Bankruptcy Procedure ("FRBP") 7056 – specifically, FRCP 56(a), 56(e), and 56(g) – on the grounds that there are no triable issues of material fact and no valid defense such that the Bjornbaks are entitled to an order granting summary judgment (or summary adjudication) as a matter of law on their claims in the Complaint that Defendant Lanny Jay Dugar is not entitled to a discharge of the debt under 11 U.S.C. §§727(a)(2)-(5); that Bjornbaks are entitled to damages caused by Defendant to Plaintiff in excess of $1.5 million, including the principal sum, the interest accrued, punitive damages, and attorneys' fees and costs; that Mr. Dugar's debt is a non-dischargeable debt under 11 U.S.C. §523(a)(6). The Motion is based upon the grounds set forth in this Notice of Motion and accompanying Memorandum of Points and Authorities, the undisputed evidence attached as exhibits 1-73 to the concurrently filed Declaration of Qiang Bjornbak. ("QB Decl."),
the Plaintiffs' Proposed Statement of Uncontroverted Facts and Conclusions of Law ("SUF"), all pleadings, records, and papers on file in this adversary proceeding (Case No. 1:20-ap-01083-vk) and its related bankruptcy case (Case No. 1:20-bk-11166-VK), and any other matters as to which the Court can take judicial notice, and such other argument and evidence as the Court may entertain at or before the hearing on this Motion.

PLEASE TAKE FURTHER NOTICE that the Court will not provide a hearing date on the Motion until the Motion has been filed. See Section III, footnote 4 of the Court's Self-Calendaring Instructions at the following link:

https://www.cacb.uscourts.gov/judges/selfcalendaring/

kaufman-v ("A hearing date will be provided only after the motion for summary

1  judgment has been filed and a Judge's Copy has been served on Judge Kaufman")

2  The Plaintiffs or the Court will serve notice of the hearing date once the Court

3  has set the hearing date and provides that information to the Plaintiffs.

4  PLEASE TAKE FURTHER NOTICE that as to the deadline for any opposition papers

5  to the Motion, this Motion is being heard on regular notice pursuant to Local Bankruptcy Rule

6  ("LBR") 7056-1 of the Local Bankruptcy Rules. If you wish to oppose this Motion, you must file

7  a written response with the Court and serve a copy of it upon the Movant's attorney at the

8  address set forth above no later than twenty-one (21) days prior to the hearing date to be set by

9  the Court. Please review LBR 7056-1, including LBR 7056-1(c)(1)-(4).

10  PLEASE TAKE FURTHER NOTICE that, pursuant to LBR 7056-1 (c), any party who

11  opposes the Motion must serve, file, and lodge a response with a "separate concise statement of

12  genuine issues" identifying each material fact that is disputed and citing the particular portions of

13  any pleading, affidavit, deposition, interrogatory, answer, admission, or other document relied on

14  to establish the dispute and existence of a genuine issue precluding summary judgment or

15  adjudication. Unless otherwise ordered by the Court, the respondent's statement of genuine

16  issues must be lodged electronically via Lodged Order Upload ("LOU").

17  PLEASE TAKE FURTHER NOTICE that, per LBR 7056-1 (c)(3), "[t]he respondent is

18  responsible for filing with the Court all necessary evidentiary documents cited in the responding

19  papers in accordance with LBR 9013-1(i)."

20  PLEASE TAKE FURTHER NOTICE that, per LBR 7056-1 (f), the Court may assume

21  that all material facts claimed and adequately supported by the Bjornbaks in the Motion are

22  admitted to exist without controversy, except to the extent that such facts are both: (1) included

23  in the "statement of genuine issues" and (2) adequately controverted by declaration or other

24  evidence filed in opposition to the Motion.

25  PLEASE TAKE FURTHER NOTICE that, pursuant to LBR 7056-1 (g), failure to file

26  an opposition to the Motion "shall not be deemed consent to the granting or denial of the"

27  Motion.

28  Dated: October 28, 2021 Law Offices of Qiang Bjornbak

By: /s/ Qiang Bjornbak

Attorneys for Plaintiffs

David Bjornbak and Qiang Bjornbak

## Table of Content

Memorandum of Points and Authorities..................................................7

I.      Introduction..........................................................................7

    A. Multiple incorporations were formed to engage in shell company game...7
    B. Underlying Disputes with Lanny Jay Dugar since June, 2012................11

    C. .Deemed facts....................................................................13
II.     Legal Issues.........................................................................15

III.    Argument............................................................................16

    A. Summary Judgment Standard..............................................16

    B. Defendant Dugar is not entitled to a discharge of the debt under 11 U.S.C.
      §727(a)(2)........................................................................17

    C. Defendant Dugar is not entitled to a discharge of his debt under 11 U.S.C.
      §727(a)(3)........................................................................18

    D. Defendant Dugar is not entitled to a discharge of his debt under 11 U.S.C.
      §727(a)(4)........................................................................20

    E. Defendant Dugar is not entitled to a discharge of the debt under 11 U.S.C.
      §727(a)(5)........................................................................21

    F. Non-dischargeable debt under 11 U.S.C. §523(a)(6)........................22

IV.     Conclusion..........................................................................23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Table of Authority

### Cases

Matsushita Elec. Indus. Co. v. Zenith 574, 586-88 (U.S. 1986)........................16

First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288 (U.S. 1968)..................16

### Statutes

11  U.S.C. §727(a)(2)...............................................................15, 17, 23

11  U.S.C. §727(a)(3)...............................................................15, 18, 23

11  U.S.C. §727(a)(4)..............,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,15, 20, 23

11  U.S.C. §727(a)(5)...............................................................15, 21, 23

11 U.S.C. §523(a)(6)...................................................................15, 23

### Rules

Federal Rule of Bankruptcy Procedure 7056...........................................16

Fed. R. Civ. P. 56(a)....................................................................23

Fed. R. Civ. P. 56(c)....................................................................16

Fed. R. Civ. P.56(e)....................................................................16, 23

Fed. R. Civ. P. 56(g)...................................................................23

**Memorandum of Points and Authorities**

**I.  Introduction**

**A.  Multiple incorporations were formed to engage in shell company games**

Both Jacob Sherf and Moshe Ben Nissan are business partners of Debtor Lanny Jay Dugar. To defraud government officials and creditors, they colluded with each other to incorporate multiple companies at the same locations. These companies have been moving millions of dollars in and out of their bank accounts to defraud the public. (QB Decl. ¶ 4)

Mr. Nissan incorporated American Top Remodeling Inc. "ATR" on March 2, 2009. (State License No. C3202495) (SUF #1, QB Decl. ¶ 6) ATR used Lanny Jay Dugar's general contractor license 554502 to solicit construction general contractor business (SUF #20, QB Decl. ¶ 6). To avoid civil liabilities, American Top Remodeling, Inc filed a false bankruptcy petition in January, 2013, while this company was facing litigations from two individuals. The bankruptcy case number *is 1:13*-bk-10222-MT. As a result, the creditors got nothing. (QB Decl. ¶ 7). Around April 17, 2012, Mr. Dugar incorporated a company, Finest Home Remodeling, Inc. ("FHR") (SUF #3,4, QB Decl. ¶ 8) Both of ATR and FHR are located at 20335 Ventura Blvd. Suite 416, Woodland Hills, CA 91364. (SUF #1,3, QB Decl. ¶ 9) Around July 20, 2012, Mr. Dugar moved his general contractor license, all the businesses and his monies out of American Top Remodeling, into Finest Home Remodeling Inc. (SUF #20, 28, QB Decl. ¶ 10)

(Exhibit 21 California General Contractor License Detail # 554502, Exhibit 30 LA City Tax file for Finest Home Remodeling, Inc.) According to LA city tax records, FHR made about 342,100 US Dollars in 2013, about 348,410 US Dollars in 2014, about 990,227 US Dollars in 2015). (SUF #28, QB Decl. ¶ 10) In fact, FHR made millions of dollars from 2013 to 2016 according to BOA bank records. (SUF #34, 35 QB Decl. ¶ 10). **Mr. Dugar admitted that American Top Remodeling, Inc and Finest Home Remodeling, Inc. are the same companies. (SUF #69 QB Decl. ¶ 11).**

Before Lanny Jay Dugar stipulated a 1.5 million dollar judgment against himself and in favor of Bjornbaks on December 14, 2016, Mr. Dugar started to move millions of dollars out of FHR checking accounts. The earnings of FHR were moved into multiple accounts of companies formed by himself, or his business partners. (SUF #42, 43, 44, 45, 46, 62, QB Decl. ¶ 12, 13) Nissan worked with Mr. Dugar (SUF #69, QB Decl. ¶ 13) Mr. Nissan was the CEO and the CFO for American Top Remodeling, Inc. and still Mr. Nissan still shares the same office and works with Mr. Dugar now in the construction business. (SUF #2, 74, QB Decl. ¶ 14)

 Jacob Sherf also works with Lanny Jay Dugar. (QB Decl. ¶ 15) In order to engage in money laundering, Mr. Dugar's secretary Hadas Pinto incorporated ALP Networks, Inc. on March 25, 2013. (SUF #9, QB Decl. ¶ 16). From January 1, 2013 to June 1, 2015, Moshe Ben Nissan helped Mr. Dugar and FHR to move 1,025,500 US dollars from FHR's bank account into ALP Networks' bank account from January 1, 2013 to June 1, 2015. (SUF #42, QB Decl. ¶ 17)

In addition to that, Lanny Jay Dugar and his business partners set up a butch of corporations to do money laundering. California Preferred Builders, Inc. was formed by Dugar's business partner, Jacob Sherf on July 27th, 2009, which was changed into Image Home Design on July 10, 2015. (SUF # 6,7, QB Decl. ¶ 18,19) Lanny Jay Dugar is the director of Image Home Design, Inc. and the address of Image Home Design is at 20335 Ventura Boulevard, Suite 422, Woodland Hills, CA 91364. (SUF # 8 QB Decl. ¶ 20) According to LA city audit record, CPB/IHD's real income is US$ 4,143,701 in 2011, US$ 4,883,992 in 2012, US$ 3,294,801 in 2013, US$ 4,652,825 in 2014, US$ 5,235,835 in 2015, and US$1,937,374 in 2016. (SUF # 30 QB Decl. ¶ 21). The rest of money laundering companies include but not limited to American Home Improvement, Inc. January 5th, 2004, Hi Tech Remodeling, Inc., IMD Home Design, Inc., etc. (SUF # 12, 14, 60, QB Decl. ¶ 22). FHR moved more than 20,718 US dollars to Mr. Dugar's personal account from January 1, 2013 to May 4, 2016. (SUF # 43, QB Decl. ¶ 23), moved monies to American Top Remodeling, Inc. in 2015 (SUF # 44, QB Decl. ¶ 23), moved more than 28,000 dollars to American Home Improvement, Inc. (AHI) (SUF # 45, QB Decl. ¶ 23),

moved 113,000 US Dollars to California Preferred Builders' Inc. from August 23, 2013 to December 31, 2014. (SUF # 46, QB Decl. ¶ 23), moved 40,000 US Dollars from its BOA account to Hi-Tech Remodeling's bank account on August 29, 2015 (SUF # 60, QB Decl. ¶ 23), moved about 7,000 U.S. Dollars from its FHR's account to Image Home Design, Inc.'s bank accounts, etc. (SUF # 62, QB Decl. ¶ 23).

Around April, 2018, Mr. Dugar knew he would lose his against Bjornbaks, he started to move monies from California Preferred Builders, Inc./Image Home Design, Inc. to IMD Home Design, Inc. IMD Home Design, Inc. was incorporated by Dugar's business partner, Jacob Sherf on April 5, 2018. Its main business is construction. (SUF # 12, QB Decl. ¶ 24) Although Mr. Dugar lost his California General Contractor's license in June, 2016, he has used Mr. Jacob Sherf's general contractor's license (SUF # 22, QB Decl. ¶ 25) and Mr. Moshe Ben Nissan's general contractor's license to make more monies. (SUF # 21, QB Decl. ¶ 25) While the balance of Image Home Design, Inc.'s BOA account dropped to 5035.35 dollars as of January 1, 2017 (SUF # 38, QB Decl. ¶ 26), Image Home Design, Inc. deposited 1,452,007.54 dollars into its Citibank checking account from April 1, 2018 to August 31, 2018. (SUF # 39, QB Decl. ¶ 26). **Image Home Design, Inc. moved 125,000 Dollars into IMD Home Design, Inc., 50,000 dollars to Jacob Sherf's account and 5,400 dollars to Guy Sherf's account from April 30, 2018 to September 14th, 2018.** (SUF # 40, QB Decl. ¶ 27).

At the same time, Mr. Dugar started to move his business to American Home Improvement, Inc. According to LA city tax records, AHI's income has a significant increase of income from 2013 to 2020. AHI's total income is 31,200 US Dollars in 2013, 48,122 US Dollars in 2014, US$ 767,417 in 2015, US $ 939,080 in 2016, US $ 1,986,362 in 2017, US $ 3,719,129 in 2018, US $8,047,257 in 2019 and US $ 7,766,750 in 2020. (SUF # 31, QB Decl. ¶ 29) AHI started to take off around 2016 when Mr. Dugar tried to move the businesses out of Finest Home Remodeling, Inc. AHI got a jump in business around 2018 after Mr. Dugar decided to move his

business from Image Home Design, Inc to American Home Improvement, Inc. ("AHI") (QB Decl. ¶ 30).

In order to move around, Mr. Dugar colluded with his business partner Moshe Ben Nissan, Yaar Kimhi, Grant Kahn to form multiple corporations to move monies out of American Home Improvement Inc.'s bank accounts. (SUF # 54, 64 QB Decl. ¶ 31) All of these corporations have something in common: 1) the same business address 20335 Ventura Boulevard, Suite 422, Woodland Hills, CA 91364.  2) the same employee: David Neiyer. 3) the same line of business. (SUF # 14,16,18, 31,32, QB Decl. ¶ 32). Yaar Kimhi incorporated Green NRG Group, Inc. on June 26, 2013. (SUF # 16, QB Decl. ¶ 33). Grant Kahn incorporated ACPC Trading, Inc. on February 27, 2019 (SUF # 19, QB Decl. ¶ 34) Mr. Moshe Ben Nissan has full control over APAC Trading, Inc. He helped to renew the statement of information for APAC trading on August 7, 2020.).

Right before Dugar stipulated a judgment in amount of 1.5 million dollars in favor of Bjornbaks and against himself again on December 2, 2019, American Home Improvement, Inc. started to move monies out of its bank account. (QB Decl. ¶ 36) AHI moved 188,500 US Dollars from its own BOA account to APAC Trading, Inc. from March 26th, 2019 to January 30th, 2020. (SUF # 54, QB Decl. ¶ 37). AHI moved 90,000 US Dollars to 18 consulting worldwide's bank account on May 4, 2017. (SUF # 55, QB Decl. ¶ 38). AHI wrote cashier checks in amount of 205,610 Dollars to S & I Construction from April 26, 2017 to May 25th, 2017. (SUF # 58, QB Decl. ¶ 39). American Home Improvement Inc. moved 115,000 dollars from its BOA account to Green NRG Group Inc's account from August 24, 2017 to April 30, 2019. (SUF # 64, QB Decl. ¶ 39).

Lanny Jay Dugar has undisclosed interest in AHI. American Home Improvement, Inc., which made regular payments to California Preferred Builders. Inc in amount of 30,500 US Dollars. from July 13, 2017 to July 9, 2019. The last check on July 9, 2019 was 3,200 US Dollars. (SUF # 47, QB Decl. ¶ 40). American Home Improvement, Inc. made about 1,000 dollars

payment per month to Image Home Design from March, 2017 to January, 2018. (SUF # 53, QB Decl. ¶ 41) It is obvious that AHI hold Mr. Dugar's money in constructive trust and send the supporting monies regularly to Mr. Dugar every month. Lanny Jay Dugar set up his construction business at the same address with Mr. Nissan. (QB Decl. ¶ 42). Mr. Dugar receives all of his important mails (such as tax documents and bank documents) (QB Decl. ¶ 43). It is obvious that they are business partners.

Moreover, Mr. Dugar has undisclosed interest in Green NRG Group, Inc. (Green NRG) which shared the same business address with Lanny Jay Dagar at 20335 Ventura Boulevard, Suite 422, Woodland Hills, Ca 91364. (QB Decl. ¶ 44). Green NRG engaged in general contractor business. (SUF # 16, QB Decl. ¶ 45) This company has a significant amount of revenue. In 2017 and 2018. According to LA city tax records, Green NRG Group, Inc's revenue is as follows: US $ 87,400 in 2016, US$ 1,089, 415 in 2017, US $ 3,485,430 in 2018). (SUF # 32, QB Decl. ¶ 46) After Lanny Dugar stipulated 1.5 million dollars against himself, Green NRG group's business tax suddenly dropped to zero in 2019. (SUF # 32, QB Decl. ¶ 47). Dugar's company. American Home Improvement, Inc. moved 115, 000 dollars from its BOA account to Green NRG Group, Inc.'s account from August 24, 2017 to April 30, 2019. (SUF # 64, QB Decl. ¶ 48).

Mr. Dugar has also undisclosed interest in APAC Trading, Inc. Dugar's business partner Moshe Ben Nissan electronically signed the statement of information (SUF # 20, QB Decl. ¶ 49). Right before Mr. Dugar stipulated a new judgment against himself at Burbank court in December, 2019, Mr. Dugar colluded with Mr. Nissan to move monies out of AHI to APAC Trading, Inc. (SUF # 54, QB Decl. ¶ 50).

**B.  Underlying Disputes with Lanny Jay Dugar since June, 2012.**

On March 18, 2012, ATR entered into a written contract with Bjornbaks ("Contract") to handle room additions and general remodeling work for the property located at 89 Monterey Road, South Pasadena, CA 91030 ("Property"). (QB Decl. ¶ 51) Lanny Jay Dugar, his company

American Top Remodeling ("ATR") and ATR employees/subcontractors were negligent and concealed materials construction defects. For example, the new addition was built above the landslide zone. The foundation of the new structure could not be connected with the foundation of the existing structure. The house was torn down before the foundation was fixed.  Then, the project was abandoned by Mr. Dugar and his company. (QB Decl. ¶ 52) On or about October 18th, 2012, ATR manager Jacob Sherf threatened that if Bjornbaks terminated the contract with ATR, he would charge 30% profit. Otherwise, he would make sure that no one else would touch the project and the project would not be finished within five years. (QB Decl. ¶ 53) Rather than paying Bjornbaks' damages, Mr. Dugar, on behalf of ATR, brought a frivolous and malicious civil lawsuit against Bjornbaks in Burbank Superior Court and put a defective mechanic lien on the house to tie up the house for four years so that Bjornbaks could not sell the house nor get a loan to remodel the house. (QB Decl. ¶ 54)

After Bjornbaks filed a cross claim against Mr. Dugar and his company, ATR, etc in April, 2013. (QB Decl. ¶ 55) On or about December 14, 2016, right before the jury verdict, Lanny Jay Dugar voluntarily entered an oral settlement agreement on the record that he was willing to stipulated 1.5 million dollar judgment against himself and in favor of Bjornbaks. (QB Decl. ¶ 56) Then, Mr. Dugar changed his mind, started to insult, bully and defame Bjornbaks to get out of the settlement agreement. He cursed Qiang Bjornbak to die from cancer. He admitted that he never intended to give Bjornbaks any monies. (SUF # 67, QB Decl. ¶ 57)

Around, January 25, 2018, Lanny Jay Dugar filed another frivolous lawsuit against Bjornbaks to extort monies from Bjornbaks and to buy some time to move the assets out of his name and out of his companies' names and move his monies into AHI and other entities. (QB Decl. ¶ 58) Around December 2, 2020, Lanny Jay Dugar reached a second settlement agreement on record at Burbank Superior Court. He stipulated a judgment in amount of 1.5 million dollars against himself and in favor of Bjornbaks. (QB Decl. ¶ 59) He agreed that the judgment is based on the breach of contract claim. Burbank Superior Court judge entered a judgment against Lanny

Jay Dugar on January 13, 2021. (QB Decl. ¶ 60) Lanny Jay Dugar filed a petition of bankruptcy at this court on July 2, 2020. Then, Mr. Dugar repeatedly emailed Qiang Bjornbak that he never intended to give any monies to Bjornbak. (SUF # 67, QB Decl. ¶ 61)

Obviously, Mr. Dugar and his business partners moved all of the monies to the accounts to AHI IMD Home Design, Inc., use these two companies to make monies. (QB Decl. ¶ 62)

In short, Lanny Jay Dugar made multiple misrepresentations in his bankruptcy petition to get away from his civil liabilities.

### C. Deemed Facts

Mr. Dugar admitted the following facts by failing to respond to Bjornbaks' request for admission sent to him on June 9, 2021. (SUF # 65, QB Decl. ¶ 64) (See Exhibit 65 Bjornbaks' Request for Admission, Set One with Proof of Service). The following facts should be deemed as facts. (SUF # 35)

Mr. Dugar failed to provide a valid residential address to the bankruptcy court.  (RFA No. 2). He made false representation as to his assets on his bankruptcy schedule on Form 101. (RFA No. 3). Mr. Dugar and Finest Home Remodeling, Inc. kept a bank account at Bank of America until at least December, 2016.  (RFA No. 4) Mr. Dugar had income before he filed the bankruptcy petition by working as a responsible managing operator for California preferred Builder in 2019. (RFA No. 5) Mr. Dugar transferred his cash or other assets to his son-in-law Matthew K. Davis. (RFA No. 6). Mr. Dugar transferred his cash or other assets to Bobby Joe Davis. (No. 7) Mr. Dugar transferred his cash or other assets to his relative Lanny A. Dugar. (RFA No. 8). On the date of bankruptcy, Mr. Dugar maintained one or more investment accounts (RFA No. 10). Mr. Dugar made false representation to the bankruptcy trustee on August 7, 2020 by stating that he is homeless and live in a vehicle. (RFA No. 11). On the date of the filing of the bankruptcy case, Mr. Dugar was a plaintiff in an action against Carlos Darado. (RFA No. 12). Mr. Dugar abused the court system by getting a fee waiver from the bankruptcy

court while he had assets to purchase horses in 2020. (RFA No. 13). As of the filing date of the

bankruptcy case, or at any time within one years prior, Mr. Dugar was the director or the

shareholder of Image Home Design, Inc. (RFA No. 14). Image Home Design, Inc is the

successor of California Preferred Builders, Inc. (RFA No. 15). As of the filing date of the

bankruptcy case, or at any time within one years prior, **Mr. Dugar was of the director or the**

**shareholder of American Home Improvement, Inc, Hi-tech Remodeling group, Inc, ALP**

**networks Inc. As of the filing date of the bankruptcy case, or at any time within one years**

**prior, Mr. Dugar was of the director or the shareholder of American Home Improvement,**

**Inc. (RFA No. 16-18).** Bank account funds or cash from him or his company Finest Home

Remodeling were transferred to California Preferred Builders, Image Home Design Inc. and

American Home Improvement, High-Tech remodeling Group, Inc, ALP Networks, Inc. in the

past seven years. (RFA No. 20-24). Mr. Dugar failed to disclose his personal property, six

horses on bankruptcy schedule 106 A/B. (RFA No. 27). Mr. Dugar failed to disclose whether he

has bonds, mutual funds, or publicly traded stocks on Schedule 106 A/B. (RFA No. 28). Mr.

Dugar failed to disclose whether he has non-publicly traded stock and interests in incorporated

and unincorporated businesses on Schedule 106A/B. (RFA No. 29). Mr. Dugar failed to disclose

that he is a beneficiary of Davis family trust and other family trusts. (No. 30, 37). Mr. Dugar

failed to disclose that he is using his business partner Moshe Ben-Nissan's general contractor's

license to solicit general contractor's work. (RFA No. 31) Mr. Dugar failed to disclose the office

equipment, furnishings and supplies at his office located at 20335 Ventura Blvd, suite 422,

Woodland Hills, Ca 91364. (RFA No. 32). Mr. Dugar failed to list other properties, such as six

horses at part 7. No 53 of Schedule 106 A/B. (Exhibit 19 RFA No. 33). Mr. Dugar false

statement on Schedule 106 I by declaring that he has zero income. (RFA No. 34). Mr. Dugar

failed to disclose his employment in 2018 and in 2019. (RFA No. 35) Mr. Dugar failed to

disclose his bank accounts or investment accounts. (RFA No. 36)

On or about June 9, 2021, Plaintiff Bjornbak sent a request for Production of documents

(SUF # 66, QB Decl. ¶ 65) (Exhibit 66 Bjornbaks' Request for Production, Set one with Proof of

Service) to Mr. Dugar. Mr. Dugar only produced a copy of Settlement agreement, deed of

Honeybee drive property, A copy of his divorce degree and his statement that he abandoned his

interests in the pending lawsuit. (QB Decl. ¶ 66). Plaintiff Ms. Bjornbak has to send out more

than 120 subpoenas to trace Mr. Dugar's monies. Ms. Bjornbak has spent countless hours to

review subpoenas production, save the information, print them out and group the information

together. (QB Decl. ¶ 67) Mr. Dugar has uttered racial discrimination and gender discrimination

words against Plaintiff Ms. Bjornbak to harass her. (QB Decl. ¶ 68) Mr. Dugar's conduct is

malicious and Despicable which is carried on by the defendant with a willful and conscious

disregard of the rights of Ms. Bjornbaks. (QB Decl. ¶ 69)

## II. The Legal Issues

1. Whether Defendant Dugar is entitled to a discharge of his debt under 11 U.S.C.
   §727(a)(2)?

2. Whether Defendant Dugar is entitled to a discharge of his debt under 11 U.S.C.
   §727(a)(3)?

3. Whether Defendant Dugar is entitled to a discharge of his debt under 11 U.S.C.
   §727(a)(4)?

4. Whether Defendant Dugar is entitled to a discharge of his debt under 11 U.S.C.
   §727(a)(5)?

5. Determine that the damages caused by Defendant to Plaintiff in excess of $1.5 million,
   including the principal sum, the interest accrued, punitive damages, and attorneys' fees
   and costs, are a non-dischargeable debt under 11 U.S.C. §523(a)(6).

### III. Argument

The Plaintiffs bring this motion for summary judgment seeking a judgment that Defendant is not entitled to a discharge of debt owed to Plaintiff, a judgment that the debt is non-dischargeable and Debtors needs to pay Plaintiff damages in excess of 1.5 million dollars, including the principal sum, the interest accrued, punitive damages, and attorneys' fees and costs.

### A. Summary Judgment Standard

Federal Rule of Bankruptcy Procedure 7056 provides that summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Id.; see Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden of demonstrating the absence of genuine issues of material fact. Matsushita Elec. Indus. Co. v. Zenith 574, 586-88 (U.S. 1986) (quoting Advisory Committee Note to 1963 Amendment of Fed. Rule Civ. Proc. 56(e) – "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial'"). "A disputed fact is 'material' if it must inevitably be resolved and the resolution will determine the outcome of the case, while a dispute is 'genuine' if the evidence is such that a reasonable Jury could return a Verdict for the nonmoving party." (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Once the moving party meets its burden, the party opposing summary judgment must show more than a metaphysical doubt as to the material facts. Id. This requires the nonmoving party to proffer specific facts which show a genuine issue for trial. Id. (citing Fed. R. Civ. P.56(e)). In responding to a summary judgment motion, the nonmoving party may not rely merely on allegations or denials in the pleadings, but must set out specific facts showing a genuine issue for trial. First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288 (U.S. 1968); Fed. R. Civ. P.56(e).

### B. Defendant Dugar is not entitled to a discharge of the debt under 11 U.S.C. §727(a)(2)

11 U.S.C. §727(a)(2) Provides that the court shall not grant a discharge to a debtor if the debtor. with intent to **hinder, delay, or defraud a creditor** or an officer of the estate charged with custody of property under this title, **has transferred,** removed, destroyed, mutilated, or **concealed, or has permitted to be transferred,** removed, destroyed, mutilated, or **concealed— (A)** property of the debtor, within one year before the date of the filing of the petition; or **(B)** property of the estate, after the date of the filing of the petition.

Within one year before the date of filing this petition, Lanny Jay Dugar failed to disclose his assets of horses, cars. stocks and bonds, etc. (SUF # 35 Deemed facts). Mr. Dugar has five vehicles according to DMV records. Lanny Jay Dugar purchased a Carson Carrier 2015 vehicle (VIN number 4HXSU1625FC171975) on January 29, 2015. Mr. Dugar purchased a 1995 Mercedes-Benz vehicle (VIN number WDBFA67E1SF121436) on August 19, 2014. Mr. Dugar purchased a Toyota Camry 1993 vehicle (VIN Number JT2VK13E2P0222801) on April 14, 2015. Mr. Dugar purchased a Mini Cooper 2006 (VIN number is WMWRH33586TK57629) on September 3, 2019. Mr. Dugar purchased a Lexus IS 250 2006 (VIN JTHBK26225012331) on May 5th, 2021. (SUF # 63, QB Decl. ¶ 70)

Mr. Dugar failed to disclose that he is a shareholder/director in **American Preferred Builder, Inc, Image Home Designs, Inc, American Home Improvement**, Inc, **High-Tech remodeling Group, Inc, ALP Networks, Inc. etc.** (SUF # 35 Deemed facts). (QB Decl. ¶ 71). As of July, 2020, American Home Improvement has an income of US $ 939,080 in 2016, US $ 1,986,362 in 2017, US $ 3,719,129 in 2018, US $8,047,257 in 2019 and US $ 7,766,750 in 2020. (SUF # 31, QB Decl. ¶ 72). This is a significant discrepancy from what Mr. Dugar claimed on his bankruptcy petition.

On the bankruptcy petition, Mr. Dugar failed to disclose that he is a director and owner of Image Home Design, Inc. (SUF # 8). Image Home Design, Inc. Deposited 1,452,007.54 dollars into its Citibank checking account from April 1, 2018 to August 31, 2018 (SUF # 39) QB Decl. ¶

73). He failed to disclose that he opened a bank account with Chase Bank after he filed

bankruptcy petition. (SUF # 41) California Preferred Builders, Inc/Image Home Design, Inc.

makes 2 to 5.2 million dollars per year. (Exhibit 32 LA city Tax Audit File for California

Preferred Builders, Inc./Image Home Design, Inc.) Mr. Dugar failed to explain whether such

monies went. (QB Decl. ¶ 74)

Moreover, Mr. Dugar failed to disclose that he transferred his cash or other assets to his

son-in-law Matthew K. Davis, his in-law Bobby Joe Davis, and his son Lanny A. Dugar. (SUF

35 Deemed facts).

### C. Defendant Dugar is not entitled to a discharge of his debt under 11 U.S.C. §727(a)(3)

11 U.S.C. §727(a)(3) Provides that the court shall not grant a discharge to a debtor if

the **debtor has concealed,** destroyed, mutilated, falsified, or failed to **keep or preserve any**

**recorded information, including books, documents, records, and papers, from which the**

**debtor's financial condition or business transactions might be ascertained,** unless such act or

failure to act was justified under all of the circumstances of the case;

In this case, Debtor Lanny Jay Dugar has concealed his financial information from

Plaintiff, that includes but not limited to his federal tax returns, state tax returns, city tax

information, etc. So Far, Mr. Dugar has not provided Bjornbaks any tax records about himself or

his companies where he has financial interests. (QB Decl. ¶ 75)

Mr. Dugar and his partners started a large scale of shell company scheme after he

realized a huge civil liability or right before the stipulation of 1.5 million dollar judgment

against himself. The wave of money moving occurred around January, 2013, before December

14, 2016, around April, 2018, in 2019 and right before January, 2020 where 1.5 million dollars

judgement was entered against Lanny Jay Dugar.  (QB Decl. ¶ 76)

From January 1, 2013 to June 1, 2015, Moshe Ben Nissan helped Mr. Dugar and FHR to

move 1,025,500 US dollars from FHR's bank account into ALP Networks' bank account from

January 1, 2013 to June 1, 2015. (SUF #42, QB Decl. ¶ 17). FHR moved more than 20,718 US

dollars to Mr. Dugar's personal account from January 1, 2013 to May 4, 2016. (SUF # 43, QB Decl. ¶ 23), moved monies to American Top Remodeling, Inc. in 2015 (SUF # 44, QB Decl. ¶ 23), moved more than 28,000 dollars to American Home Improvement, Inc. (AHI) (SUF # 45, QB Decl. ¶ 23), moved 113,000 US Dollars to California Preferred Builders' Inc. from August 23, 2013 to December 31, 2014. (SUF # 46, QB Decl. ¶ 23), moved 40,000 US Dollars from its BOA account to Hi-Tech Remodeling's bank account on August 29, 2015 (SUF # 60, QB Decl. ¶ 23), moved about 7,000 U.S. Dollars from its FHR's account to Image Home Design, Inc.'s bank accounts, etc. (SUF # 62, QB Decl. ¶ 23).

AHI moved 188,500 US Dollars from its own BOA account to APAC Trading, Inc. from March 26th, 2019 to January 30th, 2020. (SUF # 54, QB Decl. ¶ 37). AHI moved 90,000 US Dollars to 18 consulting worldwide's bank account on May 4, 2017. (SUF # 55, QB Decl. ¶ 38). AHI wrote cashier checks in amount of 205,610 Dollars to S & I Construction from April 26, 2017 to May 25th, 2017. (SUF # 58, QB Decl. ¶ 39). American Home Improvement Inc. moved 115,000 dollars from its BOA account to Green NRG Group Inc's account from August 24, 2017 to April 30, 2019. (SUF # 64, QB Decl. ¶ 39).

As early as June 9, 2021, Bjornbaks sent out requests for Production (32 items) to Lanny Jay Dugar. (SUF # 66). Bjornbaks requested Dugar to produce "ALL DOCUMENTS RELATING to your share of financial/shareholder interests in American Top Remodeling, California Preferred Builders, Image Home Design, Inc., American Home Improvement, Inc. Hi tech remodeling group, Inc., ALP networks Inc., etc." (RFP3 of Exhibit 66 Bjornbaks' Request for the production of Documents) "Your personal tax returns from 2015 to now and the tax return of American Top Remodeling, California Preferred Builders, Image Home Design, Inc from 2015 to now." (RFP 5). "ALL DOCUMENTS relating to bank statements of your personal accounts and bank accounts of Finest Home Remodeling, California Preferred Builders, Image Home Design, Inc., American Home Improvement, Inc. Hi tech remodeling group, Inc., ALP

networks Inc from 2015 to now." (FRP 7). So far, Bjornbaks have received none of the above documents from Mr. Lanny Jay Dugar. (QB Decl. ¶ 77).

Mr. Dugar failed to disclose his shareholder agreements with Moshe Ben Nissan, Jacob Sherf, Yaar Kimhi, Grant Kahn, etc in Finest Home Remodeling, Inc, American Preferred Builder, Inc, Image Home Designs, Inc, American Home Improvement, Inc, Green NGR Group, APAC Trading, Inc, High-Tech remodeling Group, Inc, ALP Networks, Inc. etc. (QB Decl. ¶ 78) Mr. Dugar admitted that he received some payment for his contractor's service. (SUF # 70). He failed to disclose who paid him for his general contractor services. (QB Decl. ¶ 79)

Mr. Dugar failed to disclose the financial arrangement between him and his in-law Bobby Joe Davis, Bobby Joe Davis paid the spousal support monthly to Cindy Dugar, Mr. Dugar's ex-wife. (SUF # 72, 73). (QB Decl. ¶ 80)

### D. Defendant Dugar is not entitled to a discharge of his debt under 11 U.S.C. §727(a)(4)

11 U.S.C. §727(a)(4) provides that the court shall not grant a discharge to a debtor if the debtor knowingly and fraudulently, in or in connection with the case—

**(A) made a false oath or account; (B) presented or used a false claim; (C)** gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or **(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;**

Debtor Lanny Jay Dugar made false oath when it comes to his assets. He intentionally withheld information, including but not limited to his residential address, his assets. (QB Decl. ¶ 81). On his bankruptcy petition, Mr. Dugar listed 20335 Ventura Blvd, Suite 422, Woodland Hills, Ca 91364 as his home address. In fact, this is a business address. (QB Decl. ¶ 82). He lied to chapter 7 trustee that he is homeless at creditor's meetings However, in his bankruptcy petition he listed that he paid more than 500 dollars for rent per month. (QB Decl. ¶ 83)

Mr. Dugar lied on his petition that he only had five dollar cash with him when he filed bankruptcy petition. He failed to disclose that he owns horses, computer, vehicles, etc. (QB Decl.

¶ 84). (SUF # 35, 63, QB Decl. ¶ 84) . Mr. Dugar withheld the information that he has financial interests in Finest Home Remodeling, Inc, American Preferred Builder, Inc, Image Home Designs, Inc, American Home Improvement, Inc, Green NGR Group, APAC Trading, Inc, High-Tech remodeling Group, Inc, ALP Networks, Inc. etc. (QB Decl. ¶ 85)

Mr. Dugar failed to disclose his income as a responsible managing operator. (SUF # 70) (QB Decl. ¶ 86). He failed to disclose that he used to have a realtor license until 2018. He failed to disclose his income from real estate broker's license on bankruptcy petition. During the deposition, Mrs. stated that he made some money by being a real estate broker. (Exhibit 30 a copy of Dugar's Deposition dated on October 25, 2019 page 26 line 19 to page 71 line 22). (QB Decl. ¶ 87) He failed to disclose that he is a director of Image home Design, Inc on his bankruptcy petition. (QB Decl. ¶ 88) He lied under the oath that his ford car was burned (P 19 line 13-14 of Exhibit 69 Excerpt of Dugar's Deposition on August 25, 2021). (QB Decl. ¶ 89) Mr. Dugar failed to disclose that he is using his business partner Moshe Ben-Nissan's general contractor's license to solicit general contractor's work. (SUF # 35 deemed facts) Mr. Dugar adopts the attitude of "catch me if you can." He has no respect of the social norm of the society.

### E. Defendant Dugar is not entitled to a discharge of the debt under 11 U.S.C. §727(a)(5)

11 U.S.C. §727(a)(5) provides that the court shall not grant a discharge to a debtor if the debtor **has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;**

According to BOA bank records, FHR made millions of dollars each year from 2013-2015. (SUF 33, 34 QB Decl. ¶ 90) According to LA city tax, FHR's taxable income in 2015 is US $ 990,227.  (SUF# 28). However, Mr. Dugar failed to provide the information where the monies went. (QB Decl. ¶ 91) Again, LA city tax audit shows that Mr. Dugar's company California Preferred Builders, Inc./Image home Design, Inc. made US$ 3,294,801 in 2013, US$ 4,652,825 in 2014, US$ 5,235,835 in 2015, and US$1,937,374 in 2016. (SUF# 30). Again, Mr. Dugar failed to account for where the monies went. (QB Decl. ¶ 92).

Image Home Design, Inc. Deposited 1,452,007.54 dollars into its Citibank checking account from April 1, 2018 to August 31, 2018. (SUF # 41, QB Decl. ¶ 93), Image Home Design, Inc moved 125,000 dollars into IMD Home Design, Inc. 50,000 dollars into Jacob Sherf's account and 5,400 dollars to Guy Sherf's account from April 30, 2018 to September 14, 2018. (SUF # 42, QB Decl. ¶ 94). Mr. Dugar failed to account for where the Citibank monies went and where the monies on IMD Home Design, Inc.'s bank accounts went. (QB Decl. ¶ 95).

### F. Non-dischargeable debt under 11 U.S.C. §523(a)(6)

Under 11 U.S.C. §523(a)(6), a debt cannot be discharged because the debtor Mr. Dugar **inflicted willful and malicious injury** to Plaintiff, Bjornbaks. Mr. Dugar colluded with his business partners Jacob Sherf, Moshe Ben Nissan, Yaar Kimhi, Grant Kahn, etc. to hide his assets and to move around. (SUF #40, 42-48, QB Decl. ¶ 96).

American Top Remodeling, Inc, Finest Home Remodeling, Inc, California Preferred Builders, Inc. Image Home Design, Inc, American Home Improvement, Inc, Green NGR Group, Inc, APAC, trading operated from the same address 20355 Ventura Boulevard, Suite 416/422, Woodland Hills, Ca 91364. (SUF # 1.3,7,8,14,16, 18, QB Decl. ¶ 97). All of these companies did the same line of business and hire the same employees, such as David Neyer, who deals with LA City Tax office for all of these companies. (SUF # 28-31, Exhibits 30-34, QB Decl. ¶ 98). These companies were created to move monies when it comes to civil or criminal liabilities.

Mr. Dugar refused to be cooperative when it comes to discovery. He refused to provide his residential address. (QB Decl. ¶ 99) He refused to provide the information of his current bank accounts. (Exhibit 69 Page 13 line 14-15, QB Decl. ¶ 99). He refused to provide his tax information. On his bankruptcy petition, he listed that he owed 3000 dollars for IRS 2015 tax return. (QB Decl. ¶ 99) During the deposition, he denied that it was for 2015 tax return. (Exhibit 69 Page 70 line 12, QB Decl. ¶ 99). In fact, Dugar's company made millions of dollars in 2015. (SUF# 33, QB Decl. ¶ 99).

Mr. Dugar stated clearly that he has every intent never to give Bjornbaks a dime.

(Exhibit 69 Excerpt of Dugar Deposition transcript on August 25, 2021, page 59 line 25). That

explains why Mr. Dugar has been very hostile and evasive during the whole case proceedings.

(QB Decl. ¶ 100).

## IV. Conclusion

Plaintiffs David Bjornbak, Qiang Bjornbak, ("Plaintiff" or the "Bjornbaks") moves this

honorable Court for summary judgment as a matter of law (the "Motion") in favor of the

Plaintiffs and against defendant Lanny Jay Dugar Bjornbaks or, alternatively, an order granting

summary adjudication as to any particular issue or elements subject to this Motion and/or as to

any particular Defendant(s) as the Court deems appropriate. By way of this Motion, the Plaintiffs

respectfully seeks summary judgment or, alternatively, an order for partial summary judgment

(or summary adjudication) pursuant to Federal Rule of Civil Procedure ("FRCP") 56, made

applicable herein by Federal Rule of Bankruptcy Procedure ("FRBP") 7056 – specifically, FRCP

56(a), 56(e), and 56(g) – on the grounds that there are no triable issues of material fact and no

valid defense such that the Bjornbaks are entitled to an order granting summary judgment (or

summary adjudication) as a matter of law on their claims in the Complaint that Defendant Lanny

Jay Dugar is not entitled to a discharge of the debt under 11 U.S.C. §§727(a)(2)-(5); that

Bjornbaks are entitled to damages caused by Defendant to Plaintiff in excess of $1.5 million,

including the principal sum, the interest accrued, punitive damages, and attorneys' fees and costs;

that Mr. Dugar's debt is a non-dischargeable debt under 11 U.S.C. §523(a)(6), and sanction Mr.

Dugar for his malicious conducts.

Respectfully submitted,

Qiang Bjornbak

October 29, 2021

FOR PLAINTIFF
David Bjornbak and Qiang Bjornbak

1  QIANG BJORNBAK ESQ., SBN 221790
2  510 W. 6th Street, Suite 1024
   Los Angeles, CA 90014
3  Telephone: (310) 403-8516
   Facsimile: (626) 941-6648
4
   Attorney for Defendants/Cross-Plaintiffs
5  David and Qiang Bjornbak
6
7              UNITED STATES BANKRUPTCY COURT
8                  Central District of California
               Woodland Hills Division
9

10  In Re LANNY JAY DUGAR,              )   Case No.  1:20-bk-11166-VK
                                        )
11         Debtor.                      )   Chapter 7
                                        )
12  _____ )   Adv. Case No. 1:20-ap-01083-vk
                                        )
13                                      )
    David Bjornbak, an individual, Qiang )   PLAINTIFF Bjornbaks' Proposed
14  Bjornbak, an individual,            )   Statement of Uncontroverted Facts and
                                        )   Conclusions of Law
15  Plaintiffs,                         )
                                        )   Hearing
16  Vs.                                 )   Date: To be set by the Court
                                        )   Time: To be set by the Court
17  Lanny Jay Dugar, an individual, Defendant. )   Courtroom: 301
                                        )   Place: 21041 Burbank Blvd.
18                                      )
                                        )
19  _____ )

20

21  TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY

22  JUDGE, THE DEFENDANTS, AND ALL PARTIES-IN-INTEREST:

23

24  PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Civil Procedure 56 and

25  Local Bankruptcy Rule 7056-1(b)(2), Plaintiffs David Bjornbak and Qiang Bjornbak,

26  ("Plaintiffs" or "Bjornbaks") submits this Proposed Statement of Uncontroverted Facts and

27  Conclusions of Law ("SUF") in support of his concurrently filed Motion for Summary Judgment

28  (the "Motion"). All uncontroverted facts are supported by the Declaration of Qiang Bjornbak.

    Statements of Uncontroverted facts in support of Bjornbaks' Motion for a Summary Judgment
                                            1

(QB Decl."), and the evidence attached as exhibits to those declarations. To the extent, if any, that the Findings of Fact as stated may be deemed Conclusions of Law, they shall be considered Conclusions of Law. To the extent, if any, that the Conclusions of Law as stated may be deemed Findings of Fact, they shall be considered Findings of Fact. After consideration of the papers in support of and in opposition to the Bjornbaks' Motion and the arguments of counsel, the Court determines that the following are established as uncontroverted facts and conclusions of law.

There are no triable issues of material fact and no valid defense such that the Bjornbaks are entitled to an order granting summary judgment (or summary adjudication) as a matter of law on their claims in the Complaint that Defendant Lanny Jay Dugar is not entitled to a discharge of the debt owed to Plaintiffs under 11 U.S.C. §§727(a)(2)-(5); that Bjornbaks are entitled to damages caused by Defendant to Plaintiff in excess of $1.5 million, including the principal sum, the interest accrued, punitive damages, and attorneys' fees and costs; that Mr. Dugar's debt is a non-dischargeable debt under 11 U.S.C. §523(a)(6).

| Undisputed Facts | Supporting Evidence |
| --- | --- |
| 1. Moshe Ben Nissan incorporated American Top Remodeling, Inc (ATR) on March 2nd, 2009. The address of the corporation was located at 20335 Ventura Blvd, Suite 416, Woodland Hills, CA 91364. | Exhibit 1 Articles of Incorporation of American Top Remodeling, Inc. |
| 2. Moshe Ben Nissan was the CEO, CFO and Secretary for ATR | Exhibit 2 Statement of Information of American Top Remodeling, Inc. dated on June 22, 2015 |
| 3. Lanny Jay Dugar incorporated Finest Home Remodeling, Inc (FHR) on April 17, 2012. The address of the corporation was located at 20335 | Exhibit 3 Articles of Incorporation of Finest Home Remodeling, Inc. |

| | |
|---|---|
| Ventura Blvd, Suite 416, Woodland Hills, CA 91364. | |
| 4. Lanny Jay Dugar was the CEO, CFO and Secretary for ATR. The address of the company was changed to 22287 Mulholland Drive, Suite 141, Calabasas, Ca 91302 (PO Box) | Exhibit 4 Statement of Information of Finest Home Remodeling, Inc. |
| 5. Lanny Jay Dugar Dissolved FHR on June 23, 2015 | Exhibit 5 Certificate of Dissolution of Finest Home Remodeling, Inc. |
| 6. California Preferred Builders, Inc. was established on July 27th, 2009. | Exhibit 6 LA City Registration Certificate of California Preferred Builder |
| 7. The name of California Preferred Builders, Inc. was changed into Image Home Design, Inc. on July 10, 2015 | Exhibit 7 Certificate of Amendment from California Preferred Builders, Inc. to Image Home Design, Inc. |
| 8. Lanny Jay Dugar is the director of Image Home Design, Inc. and the address of Image Home Design is at 20335 Ventura Boulevard, Suite 422, Woodland Hills, CA 91364. | Exhibit 8 Statement of Information of Image Home Design, Inc. |
| 9. ALP Networks, Inc. was incorporated on March 25, 2013 by Hadas Pinto. The address of the corporation was located at 22287 Mulholland Drive, Suite 141, Calabasas, CA 91302 | Exhibit 9 Articles of Incorporation of ALP Networks, Inc. |
| 10. Hadas Pinto was the CEO, CFO and secretary of ALP Networkds, Inc. (ALP) | Exhibit 10 Statement of information of ALP Networks, Inc. |

| | |
|---|---|
| 11. ALP Networks, Inc. was dissolved on January 30, 2017 | Exhibit 11 Certificate of Dissolution of ALP Networks, Inc. |
| 12. Jacob Sherf incorporated IMD Home Design, Inc. on April 5, 2018. | Exhibit 12 Articles of Incorporation of IMD Home Design, Inc. |
| 13. Jacob Sherf is the CEO, CFO and the secretary of IMD Home Design, Inc. | Exhibit 13 Statement of information of IMD Home Design, Inc. |
| 14. Moshe Ben Nissan incorporated American Home Improvement, Inc. (AHI) on January 5th, 2004. The address of the company is at 20335 Ventura Boulevard, # 422, Woodland Hills, CA 91364 | Exhibit 14 Articles of Incorporation of American Home Improvement, Inc. |
| 15. Moshe Ben Nissan is the CEO, CFO and the secretary of AHI. | Exhibit 15 Statement of information of American Home Improvement, Inc. |
| 16. Yaar Kimhi incorporated Green NRG Group, Inc. (Green NRG) on June 26, 2013. The address of the company is at 20335 Ventura Boulevard, # 422, Woodland Hills, CA 91364 | Exhibit 16 Articles of Incorporation of Green NRG Group, Inc. |
| 17. Yaar Kimhi is the CEO, CFO and the secretary of Green NRG. | Exhibit 17 Statement of Information of Green NRG Group, Inc. |
| 18. Grant Kahn incorporated APAC Trading, Inc. (APAC) on February 27, 2019. The address of the company is at 20335 Ventura Boulevard, # 422, Woodland Hills, CA 91364 | Exhibit 19 Articles of Incorporation, APAC Trading |
| 19. Moshe Ben Nissan filed a renewal for APAC on August 7, 2020 | Exhibit 20 Statement of Information of APAC Trading |

Statements of Uncontroverted facts in support of Bjornbaks' Motion for a Summary Judgment

4

| | |
|---|---|
| 20. American Top Remodeling, Inc and Finest Home Remodeling, Inc used the same California general contractor License 554502. | Exhibit 21 General Contractor License Detail # 554502 for American Top Remodeling and Finest Home Remodeling, Inc. |
| 21. American Home Improvement, Inc. has a California general contractor license # 835537 | Exhibit 22 General Contractor License Detail # 835537 for American Home Improvement, Inc. |
| 22. Image Home Design, Inc. has a California General contractor's License, # 929364 | Exhibit 23 General Contractor License Detail # 929364 for Image Home Design, Inc. |
| 23. Green NRG Group, Inc. has a California General Contractor's License, # 909516 | Exhibit 24 General Contractor License Detail # 909526 for Green NRG Group, Inc. |
| 24. Jacob Sherf, Hadas Pinto and Moshe Ben Nissan had the right to sign checks for Finest Home Remodeling, Inc. | Exhibit 26 Signature card of Finest Home Remodeling, Bank Of America Account Number xxxx 5320 |
| 25. Jacob Sherf was listed as a treasurer and a secretary of California Preferred Builders. Inc. | Exhibit 27 Signature card of California Preferred Builder, BOA account XXXX 0902 |
| 26. Jacob Sherf was listed as a treasurer and a secretary of Image Home Design, Inc. | Exhibit 28 Signature card of Image Home Design, Inc, BOA account XXXX 9681 |
| 27. Moshe Ben Nissan was listed as the president and the secretary for American Home Improvement, Inc. | Exhibit 29 Signature card of American Home Improvement, Inc. BOA account XXXX 4320, XXXX2937 |
| 28. Finest Home Remodeling, Inc. made millions of dollars each year from | Exhibit 30 LA City Tax file for Finest Home Remodeling, Inc. |

Statements of Uncontroverted facts in support of Bjornbaks' Motion for a Summary Judgment

5

| | |
|---|---|
| 2013-2015. FHR made about 342,100 US Dollars in 2013, about 348,410 US Dollars in 2014, about 990,227 US Dollars in 2015). | |
| 29. California Preferred Builders. Inc reported income of 1,800,801 dollars in 2013, 2,056,130 dollars in 2014, 1,570,750 Dollars in 2015 and 382,122 dollars in 2016, 3,245,475 dollars in 2017, zero income in 2018. The tax was filed by Rosa. | Exhibit 31 LA City Tax File for California Preferred Builders. Inc. |
| 30. According to LA City tax records, Los Angeles City estimated California Preferred Builders. Inc./Image Home Design Inc.'s real income is US$ 4,143,701 in 2011, US$ 4,883,992 in 2012, US$ 3,294,801 in 2013, US$ 4,652,825 in 2014, US$ 5,235,835 in 2015, and US$1,937,374 in 2016. This company was audited by LA city tax office. | Exhibit 32 LA city Tax Audit File for California Preferred Builders, Inc./Image Home Design, Inc. |
| 31. According to LA city tax records, AHI's income in 2013 is US $ 15,600 under L 188 and US $ 15600 Under L 288. AHI's income in 2014 is US $ 48,122 under L 188, AHI's income in 2015 is US $ 767,417 under L 188, | Exhibit 33 LA city Tax File for American Home Improvement, Inc. |

| | |
|---|---|
| AHI's income in 2016 is US $ 939,080 under L 188, AHI's income in 2017 is US $ 1,986,362 under L 188. AHI's income in 2018 is US $ 3,719,129 under L 188. AHI's income in 2019 is US $ 4,163,882 under L 188 and US $ 4163882 under L 288, US $ 3,883,375. AHI's income in 2020 is US $ 3,883,375 under L 188 and US $ 3,883,375 under L 288. | |
| 32. Green NRG Group, Inc's revenue is as follows: US $ 87,400 in 2016, US$ 1,089, 415 in 2017, US $ 3,485,430 in 2018. | Exhibit 34 LA City Tax file for Green NGR Group, Inc |
| 33. Finest Home Remodeling, Inc deposited 2,447,758.06 dollars into its Bank of America account in 2015. | Exhibit 35 BOA Bank statements for Finest Home Remodeling Inc. in 2015 |
| 34. Finest Home Remodeling, Inc deposited 60,796.4 dollars into its Bank of America account in 2016. | Exhibit 35 B BOA Bank statements for Finest Home Remodeling Inc. in 2016 |
| 35. Dugar admitted the following facts by failing to respond to Bjornbaks request for admission dated on Jun 9, 2021. Mr. Dugar failed to provide a valid residential address to the bankruptcy court. (RFA No. 2). He made false representation as to his assets on his bankruptcy schedule on | Exhibit 65 Bjornbaks' Request for Admission, Set One with Proof of Service |

Statements of Uncontroverted facts in support of Bjornbaks' Motion for a Summary Judgment

7

Form 101. (RFA No. 3). Mr. Dugar and Finest

Home Remodeling, Inc. kept a bank account at

Bank of America until at least December,

2016.  (RFA No. 4) Mr. Dugar had income

before he filed the bankruptcy petition by

working as a responsible managing operator

for California preferred Builder in 2019. (RFA

No. 5) Mr. Dugar transferred his cash or other

assets to his son-in-law Matthew K. Davis.

(RFA No. 6). Mr. Dugar transferred his cash or

other assets to Bobby Joe Davis. (No. 7) Mr.

Dugar transferred his cash or other assets to his

relative Lanny A. Dugar. (RFA No. 8). On the

date of bankruptcy, Mr. Dugar maintained one

or more investment accounts (RFA No. 10).

Mr. Dugar made false representation to the

bankruptcy trustee on August 7, 2020 by

stating that he is homeless and live in a

vehicle. (RFA No. 11). On the date of the

filing of the bankruptcy case, Mr. Dugar was a

plaintiff in an action against Carlos Darado.

(RFA No. 12). Mr. Dugar abused the court

system by getting a fee waiver from the

bankruptcy court while he had assets to

purchase horses in 2020. (RFA No. 13). As of

the filing date of the bankruptcy case, or at any

Statements of Uncontroverted facts in support of Bjornbaks' Motion for a Summary Judgment

8

time within one years prior, Mr. Dugar was the

director or the shareholder of Image Home

Design, Inc. (RFA No. 14). Image Home

Design, Inc is the successor of California

Preferred Builders, Inc. (RFA No. 15). As of

the filing date of the bankruptcy case, or at any

time within one years prior, Mr. Dugar was of

the director or the shareholder of American

Home Improvement, Inc, Hi-tech Remodeling

group, Inc, ALP networks Inc. As of the filing

date of the bankruptcy case, or at any time

within one years prior, Mr. Dugar was of the

director or the shareholder of American Home

Improvement, Inc. (RFA No. 16-18). Bank

account funds or cash from him or his

company Finest Home Remodeling were

transferred to California Preferred Builders,

Image Home Design Inc. and American Home

Improvement, High-Tech remodeling Group,

Inc, ALP Networks, Inc. in the past seven

years. (RFA No. 20-24). Mr. Dugar failed to

disclose his personal property, six horses on

bankruptcy schedule 106 A/B. (RFA No. 27).

Mr. Dugar failed to disclose whether he has

bonds, mutual funds, or publicly traded stocks

on Schedule 106 A/B. (RFA No. 28). Mr.

Statements of Uncontroverted facts in support of Bjornbaks' Motion for a Summary Judgment

| | |
|---|---|
| Dugar failed to disclose whether he has non-publicly traded stock and interests in incorporated and unincorporated businesses on Schedule 106A/B. (RFA No. 29). Mr. Dugar failed to disclose that he is a beneficiary of Davis family trust and other family trusts. (No. 30, 37). Mr. Dugar failed to disclose that he is using his business partner Moshe Ben-Nissan's general contractor's license to solicit general contractor's work. (RFA No. 31) Mr. Dugar failed to disclose the office equipment, furnishings and supplies at his office located at 20335 Ventura Blvd, suite 422, Woodland Hills, Ca 91364. (RFA No. 32). Mr. Dugar failed to list other properties, such as six horses at part 7. No 53 of Schedule 106 A/B. (Exhibit 19 RFA No. 33). Mr. Dugar false statement on Schedule 106 I by declaring that he has zero income. (RFA No. 34). Mr. Dugar failed to disclose his employment in 2018 and in 2019. (RFA No. 35) Mr. Dugar failed to disclose his bank accounts or investment accounts. (RFA No. 36) | |
| 36. Jacob Sherf stated that California Preferred Builders, Inc.'s income is about 250,000 dollars per year as of | Exhibit 36 California Preferred Builders, Inc Credit card application |

Statements of Uncontroverted facts in support of Bjornbaks' Motion for a Summary Judgment

| | |
|---|---|
| 02/12/2015. | |
| 37. As of June 30, 2020, California Preferred Builders, Inc. had 2,801.51 dollars on its Bank of America account. | Exhibit 37 California Preferred Builders, Inc BOA Bank statement in June, 2020 |
| 38. Image Home Design, Inc. had 5035.35 dollars on its Bank of American Account as of January 1, 2017 and had a deposit of 4554.85 dollars in March, 2017. | Exhibit 38 Image Home Design Inc. BOA Bank Statement Jan 2017 and March 2017 |
| 39. Image Home Design, Inc. Deposited 1,452,007.54 dollars into its Citibank checking account from April 1, 2018 to August 31, 2018. | Exhibit 39 Image Home Design, Inc. Citibank Statement in 2018 |
| 40. Image Home Design, Inc moved 125,000 dollars into IMD Home Design, Inc. 50,000 dollars into Jacob Sherf's account and 5,400 dollars to Guy Sherf's account from April 30, 2018 to September 14, 2018. | Exhibit 40 Image Home Design, Inc. Citibank Debit checks |
| 41. Dugar deposited 5,000 dollars into his chase bank account on May 17, 2021. | Exhibit 41 Dugar new Chase Bank account information in 2021 |
| 42. Finest Home Remodeling, Inc. moved 1,025,500 US dollars from January 1, 2013 to June 1, 2015 into ALP Networks, Inc. incorporated by Pinto Hadas (Dugar's employee). Moshe Ben Nissan signed the checks for the money | Exhibit 42 Finest Home Remodeling's Checks to ALP Networks, Inc. |

| | |
|---|---|
| laundering. | |
| 43. Finest Home Remodeling moved more than 20,718 US dollars to Lanny Jay Dugar from Jan 1, 2013 to May 4, 2016 | Exhibit 43 Part of Finest Home Remodeling's Checks to Lanny Jay Dugar |
| 44. Finest Home Remodeling, Inc. Moved monies to American Top Remodeling, Inc. in 2015. | Exhibit 44 Finest Home Remodeling's Checks to American Top Remodeling, Inc. |
| 45. Finest Home Remodeling, Inc. Moved more than 28,000 US dollars to American Home Improvement, Inc before 2016. | Exhibit 45 Parts of Finest Home Remodeling's Checks to American Home Improvement, Inc. |
| 46. Finest Home Remodeling, Inc. Moved at least 113,000 US dollars to California Preferred Builders, Inc. from August 23, 2013 to December 31, 2014 | Exhibit 46 Finest Home Remodeling's Checks to California Preferred Builders, Inc. |
| 47. American Home Improvement, Inc. made regular payments to California Preferred Builders. Inc in amount of 30,500 US Dollars. from July 13, 2017 to July 9, 2019. The last check on July 9, 2019 is 3,200 US Dollars. | Exhibit 47 American Home Improvement's Checks to California Preferred Builders, Inc. |
| 48. The beginning balance of American Home Improvement, Inc. (AHI) was $ 59,461.65 dollars on July 1, 2020. AHI deposited 611,044.69 dollars into its Bank of America account in July, 2020 | Exhibit 48 American Home Improvement's BOA July 2020 statement |

| | |
|---|---|
| 49. California Preferred Builders. Inc pay attorneys' fees to Matthew K. Davis for the cases in which Dugar is/was a party. | Exhibit 49 Checks made from California Preferred Builders, Inc to Matthew K Davis |
| 50. Image Home Design, Inc. pay attorneys' fees to Matthew K. Davis for the cases in which Dugar is/was a party. | Exhibit 50 Checks from Image Home Design, Inc to Matthew K Davis |
| 51. Moshe Ben Nissan signed the checks for California Preferred Builders, Inc. | Exhibit 51 Checks from California Preferred Builders, Inc to Finest Home Remodeling, Inc., First page of the exhibit. |
| 52. Image Home Design, Inc. wrote checks to Finest Home Remodeling, Inc. in 2015 and 2016. | Exhibit 52 Image Home Design's checks to Finest Home Remodeling, Inc |
| 53. American Home Improvement, Inc. made about 1,000 dollars payment per month to Image Home Design from March, 2017 to January, 2018. | Exhibit 53 American Home Improvement's checks to Finest Home Remodeling, Inc |
| 54. American Home Improvement, Inc. Moved 188,500 US dollars from its BOA account to APAC trading, Inc. Account from March 26, 2019 to Jan 30, 2020. | Exhibit 54 American Home Improvement's Checks to APAC trading, Inc. |
| 55. American Home Improvement moved 90,000 dollars from its Bank of America Account to 18 consulting Worldwide, Inc.'s bank account on | Exhibit 55 American Home Improvement's Checks to 18 Consulting Worldwide, Inc. |

Statements of Uncontroverted facts in support of Bjornbaks' Motion for a Summary Judgment

13

| | |
|---|---|
| May 4, 2017. | |
| 56. American Home Improvement, Inc moved 140,000 US Dollars from its BOA account to Luxury Coastal's account from March 5, 2021 to June 3, 2021. | Exhibit 56 American Home Improvement's Checks to Luxury Coastal |
| 57. On Oct 13, 2020, Moshe Ben Nissan wrote a check on behalf of APAC Trading to move 50,000 dollars from APAC trading to American Home Improvement, Inc. | Exhibit 57 APAC trading Checks to American Home Improvement, Inc. |
| 58. American Home Improvement made two separate checks to California State License Board to pay for two general contractor licenses' fees on October 26, 2017. AHI wrote cashier checks in amount of 205,610 Dollars to S & I Construction from April 26, 2017 to May 25, 2017. AHI wrote a cashier check in amount of 7,400 dollars to Green NRG Group, Inc. on May 16, 2017. | Exhibit 58 American Home Improvement Cashier Checks to S & I Construction, Green NRG Group, Inc. and others |
| 59. Hi Tech Remodeling, Inc. Moved 13,000 US Dollars from its own account to Finest Home Remodeling, Inc. from April 15th, 2016 to April 25th, | Exhibit 59 Hi-tech remodeling's checks to Finest Home Remodeling, Inc |

Statements of Uncontroverted facts in support of Bjornbaks' Motion for a Summary Judgment

| | |
|---|---|
| 2016. | |
| 60. Finest Home Remodeling, Inc moved 40,000 dollars from its BOA account to the account of Hi-Tech Remodeling, Inc. on August 29, 2015. | Exhibit 60 Finest Home Remodeling's Checks to Hi Tech Remodeling, Inc. |
| 61. American Home Improvement, Inc. moved 15,000 dollars from its own BOA account to Finest Home Remodeling Inc. on March 11. 2013. | Exhibit 61 American Home Improvement's Checks to Finest Home Remodeling, Inc. |
| 62. Finest Home Remodeling, Inc. moved 7,000 dollars to Image Home Design, Inc. on October 31, 2016. | Exhibit 62 Finest Home Remodeling's checks to Image Home Design, Inc. |
| 63. Lanny Jay Dugar purchased a Carson Carrier 2015 vehicle (VIN number 4HXSU1625FC171975) on January 29, 2015. Mr. Dugar purchased a 1995 Mercedes-Benz vehicle (VIN number WDBFA67E1SF121436) on August 19, 2014. Mr. Dugar purchased a Toyota Camry 1993 vehicle (VIN Number JT2VK13E2P0222801) on April 14, 2015. Mr. Dugar purchased a Mini Cooper 2006 (VIN number is WMWRH33586TK57629) on September 3, 2019. Mr. Dugar purchased a Lexus IS 250 2006 (VIN JTHBK26225012331) on May 5th, | Exhibit 63 DMV Records of Dugar's Vehicles |

| | |
|---|---|
| 2021. | |
| 64. American Home Improvement, Inc. moved 115, 000 dollars from its BOA account to Green NRG Group, Inc.'s account from August 24, 2017 to April 30, 2019. | Exhibit 64 American Home Improvement's Checks to Green NRG Group, Inc. |
| 65. Bjornbaks sent out Request for Admission Set one (37 items) to Lanny Jay Dugar on June 9th, 2021. | Exhibit 65 Bjornbaks' Request for Admission, Set One with Proof of Service |
| 66. Bjornbaks sent out Request for Production Set one (32 items) to Lanny Jay Dugar on June 9th, 2021. | Exhibit 66 Bjornbaks' Request for Production, Set one with Proof of Service |
| 67. Mr. Dugar has no intention to honor the judgment in favor of Bjornbaks. | Exhibit 67 Emails from Mr. Dugar, Refusing to honor the judgment |
| 68. Lanny Jay Dugar used to be a real estate broker until January 12, 2018. | Exhibit 68 Dugar's real estate broker's information |
| 69. Lanny Jay Dugar admitted that Mr. Moshe Ben Nissan worked with him. Mr. Dugar admitted that American Top Remodeling Inc. and Finest Home Remodeling, Inc. are the same company. | Exhibit 69 Excerpt of Dugar Deposition transcript on August 25, 2021 |
| 70. Lanny Jay Dugar admitted that he makes monies by being a responsible managing operator and he makes about 500 dollars a month. | Exhibit 70 Excerpt of Dugar Deposition Transcript on October 25th, 2019 P 70 L 24 to P71 L 22). |

Statements of Uncontroverted facts in support of Bjornbaks' Motion for a Summary Judgment

| | |
|---|---|
| 71. Moshe Ben Nissan signed a lease for unit 115, 415 and 422 at 20335 Ventura Boulevard, Woodland Hills, Ca 91364. The monthly rent is about 5300 dollars. | Exhibit 71 Lease Agreement of 20335 Ventura Boulevard, Suite 115, 415, 422, Woodland Hills, CA 91364 |
| 72. Lanny Jay Dugar's Ex wife's name is Cindy Dugar. | Exhibit 72 Divorce Decree with Cindy Dugar |
| 73. Mr. Lanny Jay Dugar's in-law, Father of Matthew K. Davis, Bobby Joe Davis made a monthly payment of spousal support to Cindy Dugar from his Pacific Premier Bank account. | Exhibit 73 Bobby Joe Davis' monthly Checks to Cindy Dugar |
| 73. MR. Dugar admitted that Nissan Ben Nissan's office opened mail for him. | Exhibit 74 Mr. Dugar's email dated on June 25, 2021 |

Respectfully submitted,

Qiang Bjornbak

October 29, 2021

FOR PLAINTIFF
David Bjornbak and Qiang Bjornbak

1  QIANG BJORNBAK ESQ., SBN 221790
2  510 W. 6th Street, Suite 1024
   Los Angeles, CA 90014
3  Telephone: (310) 403-8516
   Facsimile: (626) 941-6648
4
5  Attorney for Defendants/Cross-Plaintiffs
   David and Qiang Bjornbak
6
7              UNITED STATES BANKRUPTCY COURT
8                  Central District of California
                   Woodland Hills Division
9

10  In Re LANNY JAY DUGAR,              )   Case No.  1:20-bk-11166-VK
                                        )
11          Debtor.                     )   Chapter 7
                                        )
12  _____ )   Adv. Case No. 1:20-ap-01083-vk
                                        )
13                                      )
    David Bjornbak, an individual, Qiang )   PLAINTIFF Qiang Bjornbak's Declaration in
14  Bjornbak, an individual,            )   support of Bjornbaks' MOTION FOR
                                        )   SUMMARY JUDGMENT;
15  Plaintiffs,                         )
                                        )   Hearing
16  Vs.                                 )   Date: To be set by the Court
                                        )   Time: To be set by the Court
17  Lanny Jay Dugar, an individual, Defendant. )   Courtroom: 301
                                        )   Place: 21041 Burbank Blvd.
18                                      )
                                        )
19                                      )
                                        )
20                                      )
                                        )
21                                      )
                                        )
22                                      )
                                        )
23                                      )
    _____ )
24
        I, Qiang Bjornbak, declare as follows:
25
        1.  I am an adult over the age of eighteen (18) years old. I am a party in this case.
26
27
28

   Qiang Bjornmbak's Declaration in support of Bjornnbaks' Motion for a Summary Judgment
                                        1

2. I am an attorney with Law Offices of Qiang Bjornbak. I represent David Bjornbak and Qiang Bjornbak in the above captioned case. I was admitted to California State Bar in December, 2002.

3. I am the counsel who is responsible for drafting the opposition to Mr. Bjornbaks' motion for summary judgment.

4. Both Jacob Sherf and Moshe Ben Nissan are business partners of Debtor Lanny Jay Dugar. To defraud government officials and creditors, they colluded with each other to incorporate multiple companies at the same locations. These companies have been moving millions of dollars in and out of their bank accounts to defraud the public.

5. Mr. Nissan incorporated American Top Remodeling Inc. "ATR" on March 2, 2009. (State License No. C3202495) (Exhibit 1 Articles of Incorporation of American Top Remodeling, Inc.)

6. ATR used Lanny Jay Dugar's general contractor license 554502 to solicit construction general contractor business (Exhibit 21 General Contractor License Detail # 554502 for American Top Remodeling and Finest Home Remodeling, Inc. Exhibit 69 Deposition Transcript on August 25, 2021 page 28-30).

7. To avoid civil liabilities, American Top Remodeling, Inc filed a false bankruptcy petition in January, 2013, while this company was facing litigations from two individuals. The bankruptcy case number *is 1:13*-bk-10222-MT. As a result, the creditors got nothing.

8. Around April 17, 2012, Mr. Dugar incorporated a company, Finest Home Remodeling, Inc. ("FHR") (See Exhibit 3 FHR's Articles of Corporation and Exhibit 4 FHR's statement of information).

9. Both of ATR and FHR are located at 20335 Ventura Blvd. Suite 416, Woodland Hills, CA 91364. (See Exhibit 1 ATR Articles of Incorporation and Exhibit 3 FHR Articles of Incorporation).

10. Around July 20, 2012, Mr. Dugar moved his general contractor license, all the businesses and his monies out of American Top Remodeling, into Finest Home Remodeling Inc. (Exhibit 21 California General Contractor License Detail # 554502, Exhibit 30 LA City Tax file for Finest Home Remodeling, Inc.) According to LA city tax records, FHR made about 342,100 US Dollars in 2013, about 348,410 US Dollars in 2014, about 990,227 US Dollars in 2015). In fact, FHR made millions of dollars from 2013 to 2015 according to BOA bank records. (Exhibit 35 FHR BOA Bank statement in 2015 and Exhibit 35 B FHR Bank of America statement in 2016).

11. **Mr. Dugar admitted that American Top Remodeling, Inc and Finest Home Remodeling, Inc. are the same companies**. (See page 28-29 of Exhibit 69 Excerpt of Dugar Deposition transcript on August 25, 2021)

12. Before Lanny Jay Dugar stipulated a 1.5 million dollar judgment against himself and in favor of Bjornbaks on December 14, 2016, Mr. Dugar started to move millions of dollars out of FHR checking accounts.

13. The earnings of FHR were moved into multiple accounts of companies formed by himself, or his business partners. Nissan worked with Mr. Dugar (Exhibit 69 Lanny Jay Dugar Deposition on August 25, 2021)

14. Mr. Nissan was the CEO and the CFO for American Top Remodeling, Inc. (Exhibit 2 ATR Statement of information) and still Mr. Nissan still shares the same office and works with Mr. Dugar now in the construction business. (Exhibit 74 Mr. Dugar's email dated on June 25, 2021).

15. Jacob Sherf also works with Lanny Jay Dugar.

16. In order to engage in money laundering, Mr. Dugar's secretary Hadas Pinto incorporated ALP Networks, Inc. on March 25, 2013. (Exhibit 9 ALP Networks Articles of Incorporation).

17. From January 1, 2013 to June 1, 2015, Moshe Ben Nissan helped Mr. Dugar and FHR to move 1,025,500 US dollars from FHR's bank account into ALP Networks'

bank account from January 1, 2013 to June 1, 2015. (Exhibit 42 Finest Home Remodeling's Checks to ALP Networks, Inc.)

18. In addition to that, Lanny Jay Dugar and his business partners set up a butch of corporations to do money laundering.

19. California Preferred Builders, Inc. was formed by Dugar's business partner, Jacob Sherf on July 27th, 2009. (Exhibit 6 LA City Registration Certificate of CPB), which was changed into Image Home Design on July 10, 2015. (Exhibit 7 Certificate of Amendment from CPB to IHD).

20. Lanny Jay Dugar is the director of Image Home Design, Inc. and the address of Image Home Design is at 20335 Ventura Boulevard, Suite 422, Woodland Hills, CA 91364. (Exhibit 8 Statement of Information of Image Home Design, Inc.)

21. According to LA city audit record, CPB/IHD's real income is US$ 4,143,701 in 2011, US$ 4,883,992 in 2012, US$ 3,294,801 in 2013, US$ 4,652,825 in 2014, US$ 5,235,835 in 2015, and US$1,937,374 in 2016. (Exhibit 32 LA city Tax Audit File for California Preferred Builders, Inc./Image Home Design, Inc.)

22. The rest of money laundering companies include but not limited to American Home Improvement, Inc. January 5th, 2004 (Exhibit 14 Articles of incorporation of AHI), Hi Tech Remodeling, Inc. , IMD Home Design, Inc., etc.

23. FHR moved more than 20,718 US dollars to Mr. Dugar's personal account from January 1, 2013 to May 4, 2016. (Exhibit 43 Part of FHR's checks to Mr. Dugar), moved monies to American Top Remodeling, Inc. in 2015 (Exhibit 44 FHR's Checks to ATR), moved more than 28,000 dollars to American Home Improvement, Inc. (AHI) (Exhibit 45 Parts of FHR's checks to AHI), moved 113,000 US Dollars to California Preferred Builders' Inc. from August 23, 2013 to December 31, 2014. (Exhibit 46 FHR's Checks to California Preferred Builders. Inc. ("CPB")), moved 40,000 US Dollars from its BOA account to Hi-Tech Remodeling's bank account on

Qiang Bjornmbak's Declaration in support of Bjornnbaks' Motion for a Summary Judgment

4

August 29, 2015 (Exhibit 60 FHR's checks to Hi-Tech Remodeling, Inc.), moved about 7,000 U.S. Dollars from its FHR's account to Image Home Design, Inc.'s bank accounts, etc. (Exhibit 62 FHR's checks to Image Home Design, Inc. ("IMD")

24. Around April, 2018, Mr. Dugar knew he would lose his against Bjornbaks, he started to move monies from California Preferred Builders, Inc./Image Home Design, Inc. to IMD Home Design, Inc. IMD Home Design, Inc. was incorporated by Dugar's business partner, Jacob Sherf on April 5, 2018. Its main business is construction. (Exhibit 12 Articles of Incorporation of IMD Home Design, Inc.)

25. Although Mr. Dugar lost his California General Contractor's license in June, 2016, he has used Mr. Jacob Sherf's general contractor's license (Exhibit 23 Image Home Design, Inc.'s general contractor's license details) and Mr. Moshe Ben Nissan's (Exhibit 22 American Home Improvement, Inc. General Contractor's license detail) general contractor's license to make more monies.

26. While the balance of Image Home Design, Inc.'s BOA account dropped to 5035.35 dollars as of January 1, 2017 (Exhibit 38 Image Home Design Inc. BOA Bank statement from January 2017 to March 2017), Image Home Design, Inc. deposited 1,452,007.54 dollars into its Citibank checking account from April 1, 2018 to August 31, 2018. (Exhibit 39 Image Home Design, Inc. Citibank Statement in 2018).

27. **Image Home Design, Inc. moved 125,000 Dollars into IMD Home Design, Inc., 50,000 dollars to Jacob Sherf's account and 5,400 dollars to Guy Sherf's account from April 30, 2018 to September 14th, 2018.** (Exhibit 40 Image Home Design, Inc. Citibank Debit checks).

28. At the same time, Mr. Dugar started to move his business to American Home Improvement, Inc.

29. According to LA city tax records, AHI's income has a significant increase of income from 2013 to 2020. AHI's total income is 31,200 US Dollars in 2013, 48,122 US

Dollars in 2014, US$ 767,417 in 2015, US $ 939,080 in 2016, US $ 1,986,362 in 2017, US $ 3,719,129 in 2018, US $8,047,257 in 2019 and US $ 7,766,750 in 2020. (Exhibit 33 LA city Tax File for American Home Improvement, Inc.)

30. AHI started to take off around 2016 when Mr. Dugar tried to move the businesses out of Finest Home Remodeling, Inc. AHI got a jump in business around 2018 after Mr. Dugar decided to move his business from Image Home Design, Inc to American Home Improvement, Inc. ("AHI").

31. In order to move around, Mr. Dugar colluded with his business partner Moshe Ben Nissan, Yaar Kimhi, Grant Kahn to form multiple corporations to move monies out of American Home Improvement Inc.'s bank accounts.

32. All of these corporations have something in common: 1) the same business address 20335 Ventura Boulevard, Suite 422, Woodland Hills, CA 91364.  2) the same employee: David Neiyer. (Exhibit 33 LA city Tax File for American Home Improvement, Inc., Exhibit 34 LA City Tax file for Green NGR Group, Inc); 3) the same line of business.

33. Yaar Kimhi incorporated Green NRG Group, Inc. on June 26, 2013. (Exhibit 16 Articles of Incorporation of Green NRG Group, Inc.)

34. Grant Kahn incorporated ACPC Trading, Inc. on February 27, 2019 (Exhibit 19 Articles of Incorporation, APAC Trading).

35. Mr. Moshe Ben Nissan has full control over APAC Trading, Inc. He helped to renew the statement of information for APAC trading on August 7, 2020. (Exhibit 20 Statement of Information of APAC Trading).

36. Right before Dugar stipulated a judgment in amount of 1.5 million dollars in favor of Bjornbaks and against himself again on December 2, 2019, American Home Improvement, Inc. started to move monies out of its bank account.

37. AHI moved 188,500 US Dollars from its own BOA account to APAC Trading, Inc. from March 26th, 2019 to January 30th, 2020. (Exhibit 54 Exhibit 54 American Home Improvement's Checks to APAC trading, Inc.)

38. AHI moved 90,000 US Dollars to 18 consulting worldwide's bank account on May 4, 2017.

39. AHI wrote cashier checks in amount of 205,610 Dollars to S & I Construction from April 26, 2017 to May 25th, 2017. American Home Improvement Inc. moved 115,000 dollars from its BOA account to Green NRG Group Inc's account from August 24, 2017 to April 30, 2019. (Exhibit 58, 64 American Home Improvement's Checks to Green NRG Group, Inc.)

40. Lanny Jay Dugar has undisclosed interest in AHI. American Home Improvement, Inc., which made regular payments to California Preferred Builders. Inc in amount of 30,500 US Dollars. from July 13, 2017 to July 9, 2019. The last check on July 9, 2019 was 3,200 US Dollars. (Exhibit 47 American Home Improvement's Checks to California Preferred Builders, Inc.).

41. American Home Improvement, Inc. made about 1,000 dollars payment per month to Image Home Design from March, 2017 to January, 2018. (Exhibit 53 American Home Improvement's checks to Finest Home Remodeling, Inc.).

42. It is obvious that AHI hold Mr. Dugar's money in constructive trust and send the supporting monies regularly to Mr. Dugar every month. Lanny Jay Dugar set up his construction business at the same address with Mr. Nissan.

43. Mr. Dugar receives all of his important mails (such as tax documents and bank documents).

44. Moreover, Mr. Dugar has undisclosed interest in Green NRG Group, Inc. (Green NRG) which shared the same business address with Lanny Jay Dagar at 20335 Ventura Boulevard, Suite 422, Woodland Hills, Ca 91364.

45. Green NRG engaged in general contractor business. (Exhibit 16 Articles of Incorporation of Green NRG Group, Inc.)

46. This company has a significant amount of revenue. In 2017 and 2018. According to LA city tax records, Green NRG Group, Inc's revenue is as follows: US $ 87,400 in 2016, US$ 1,089, 415 in 2017, US $ 3,485,430 in 2018).

47. After Lanny Dugar stipulated 1.5 million dollars against himself, Green NRG group's business tax suddenly dropped to zero in 2019. (See Exhibit 34 LA City tax office report on Green NRG).

48. Dugar's company, American Home Improvement, Inc. moved 115, 000 dollars from its BOA account to Green NRG Group, Inc.'s account from August 24, 2017 to April 30, 2019. (Exhibit 64 American Home Improvement's Checks to Green NRG Group, Inc.)

49. Mr. Dugar has also undisclosed interest in APAC Trading, Inc. Dugar's business partner Moshe Ben Nissan electronically signed the statement of information (See Exhibit 20 APAC's statement of information).

50. Right before Mr. Dugar stipulated a new judgment against himself at Burbank court in December, 2019, Mr. Dugar colluded with Mr. Nissan to move monies out of AHI to APAC Trading, Inc. (See Exhibits 54 AHI's checks to APAC Trading, Inc).

51. On March 18, 2012, ATR entered into a written contract with Bjornbaks ("Contract") to handle room additions and general remodeling work for the property located at 89 Monterey Road, South Pasadena, CA 91030 ("Property").

52. Lanny Jay Dugar, his company American Top Remodeling ("ATR") and ATR employees/subcontractors were negligent and concealed materials construction defects. For example, the new addition was built above the landslide zone. The foundation of the new structure could not be connected with the foundation of the

existing structure. The house was torn down before the foundation was fixed. Then, the project was abandoned by Mr. Dugar and his company.

53. On or about October 18th, 2012, ATR manager Jacob Sherf threatened that if Bjornbaks terminated the contract with ATR, he would charge 30% profit. Otherwise, he would make sure that no one else would touch the project and the project would not be finished within five years.

54. Rather than paying Bjornbaks' damages, Mr. Dugar, on behalf of ATR, brought a frivolous and malicious civil lawsuit against Bjornbaks in Burbank Superior Court and put a defective mechanic lien on the house to tie up the house for four years so that Bjornbaks could not sell the house nor get a loan to remodel the house.

55. After Bjornbaks filed a cross claim against Mr. Dugar and his company, ATR, etc in April, 2013.

56. On or about December 14, 2016, right before the jury verdict, Lanny Jay Dugar voluntarily entered an oral settlement agreement on the record that he was willing to stipulated 1.5 million dollar judgment against himself and in favor of Bjornbaks.

57. Then, Mr. Dugar changed his mind, started to insult, bully and defame me to get out of the settlement agreement. He cursed me to die from cancer. He admitted that he never intended to give Bjornbaks any monies. (Exhibit 67 Emails from Mr. Dugar, Refusing to honor the judgment).

58. Around, January 25, 2018, Lanny Jay Dugar filed another frivolous lawsuit against Bjornbaks to extort monies from Bjornbaks and to buy some time to move the assets out of his name and out of his companies' names and move his monies into AHI and other entities.

59. Around December 2, 2020, Lanny Jay Dugar reached a second settlement agreement on record at Burbank Superior Court. He stipulated a judgment in amount of 1.5 million dollars against himself and in favor of Bjornbaks.

60. He agreed that the judgment is based on the breach of contract claim. Burbank Superior Court judge entered a judgment against Lanny Jay Dugar on January 13, 2021.

61. Lanny Jay Dugar filed a petition of bankruptcy at this court on July 2, 2020. Then, Mr. Dugar repeatedly emailed me that he never intended to give any monies to Bjornbak. (See Exhibit 67 Emails from Lanny Jay Dugar).

62. Obviously, Mr. Dugar and his business partners moved all of the monies to the accounts to AHI IMD Home Design, Inc., use these two companies to make monies.

63. Lanny Jay Dugar made multiple misrepresentations in his bankruptcy petition to get away from his civil liabilities.

64. Mr. Jibing Li sent out Bjornbaks' Request for Admission Set One to Lanny Jay Dugar on June 9, 2021. Mr. Dugar failed to respond to the request up until now. All the facts listed on Bjornbaks' Request for Admission Set one should be deemed as facts. (Exhibit 65 Bjornbaks' Request for Admission, Set one with Proof of Service) to Mr. Dugar.

65. On or about June 9, 2021, Jibing Li sent a request for Production of documents (Exhibit 66 Bjornbaks' Request for Production, Set one with Proof of Service) to Mr. Dugar.

66. Mr. Dugar only produced a copy of court settlement agreement transcript, a copy of deed of Honeybee drive property, A copy of his divorce degree and his statement that he abandoned his interests in the pending lawsuit.

67. I have to send out more than 120 subpoenas to trace Mr. Dugar's monies. I have spent countless hours to review subpoenas production, save the information, print them out and group the information together.

68. Mr. Dugar has uttered racial discrimination and gender discrimination words against me to harass me.

Qiang Bjornmbak's Declaration in support of Bjornnbaks' Motion for a Summary Judgment

69. Mr. Dugar's conduct is malicious and Despicable which is carried on by the defendant with a willful and conscious disregard of the rights of Bjornbaks.

70. Mr. Dugar has five vehicles according to DMV records. Lanny Jay Dugar purchased a Carson Carrier 2015 vehicle (VIN number 4HXSU1625FC171975) on January 29, 2015. Mr. Dugar purchased a 1995 Mercedes-Benz vehicle (VIN number WDBFA67E1SF121436) on August 19, 2014. Mr. Dugar purchased a Toyota Camry 1993 vehicle (VIN Number JT2VK13E2P0222801) on April 14, 2015. Mr. Dugar purchased a Mini Cooper 2006 (VIN number is WMWRH33586TK57629) on September 3, 2019. Mr. Dugar purchased a Lexus IS 250 2006 (VIN JTHBK26225012331) on May 5th, 2021. (Exhibit 63 DMV Records of Dugar's Vehicles.)

71. Mr. Dugar failed to disclose that he is a shareholder/director in **American Preferred Builder, Inc, Image Home Designs, Inc, American Home Improvement**, Inc, **High-Tech remodeling Group, Inc, ALP Networks, Inc. etc.** (Exhibit 65 Deemed facts on request for admission).

72. As of July, 2020, American Home Improvement has an income of US $ 939,080 in 2016, US $ 1,986,362 in 2017, US $ 3,719,129 in 2018, US $8,047,257 in 2019 and US $ 7,766,750 in 2020. (Exhibit 33 LA city Tax File for American Home Improvement, Inc.)

73. On the bankruptcy petition, Mr. Dugar failed to disclose that he is a director and owner of Image Home Design, Inc. (Exhibit 8 Statement of Information of Image Home Design, Inc.) Image Home Design, Inc. Deposited 1,452,007.54 dollars into its Citibank checking account from April 1, 2018 to August 31, 2018 (Exhibit 39 Image Home Design, Inc. Citibank Statement in 2018).

74. Mr. Dugar failed to disclose that he opened a bank account with Chase Bank after he filed bankruptcy petition. (Exhibit 41 Dugar new Chase Bank account information in

2021) California Preferred Builders, Inc/Image Home Design, Inc. Makes 2 to 5.2 million dollars per year. (SUF # 30) Mr. Dugar failed to explain whether such monies went.

75. In this case, Debtor Lanny Jay Dugar has concealed his financial information from Plaintiff, that includes but not limited to his federal tax returns, state tax returns, city tax information, etc. So Far, Mr. Dugar has not provided Bjornbaks any tax records about himself or his companies where he has financial interests.

76. Mr. Dugar and his partners started a large scale of money laundering scheme after he realized a huge civil liability or right before the stipulation of 1.5 million dollar judgment against himself. The wave of money laundering occurred around January, 2013, before December 14, 2016, around April, 2018, in 2019 and right before January, 2020 where 1.5 million dollars judgement was entered against Lanny Jay Dugar.

77. As early as June 9, 2021, Bjornbaks sent out requests for Production (32 items) to Lanny Jay Dugar. (SUF # 66). Bjornbaks requested Dugar to produce "ALL DOCUMENTS RELATING to your share of financial/shareholder interests in American Top Remodeling, California Preferred Builders, Image Home Design, Inc., American Home Improvement, Inc. Hi tech remodeling group, Inc., ALP networks Inc., etc." (RFP3 of Exhibit 66 Bjornbaks' Request for the production of Documents) "Your personal tax returns from 2015 to now and the tax return of American Top Remodeling, California Preferred Builders, Image Home Design, Inc from 2015 to now." (RFP 5). "ALL DOCUMENTS relating to bank statements of your personal accounts and bank accounts of Finest Home Remodeling, California Preferred Builders, Image Home Design, Inc., American Home Improvement, Inc. Hi tech remodeling group, Inc., ALP networks Inc from 2015 to now." (FRP 7). So far, Bjornbaks have received none of the above documents from Mr. Lanny Jay Dugar.

Qiang Bjornmbak's Declaration in support of Bjornnbaks' Motion for a Summary Judgment

78. Mr. Dugar failed to disclose his shareholder agreements with Moshe Ben Nissan, Jacob Sherf, Yaar Kimhi, Grant Kahn, etc in Finest Home Remodeling, Inc, American Preferred Builder, Inc, Image Home Designs, Inc, American Home Improvement, Inc, Green NGR Group, APAC Trading, Inc, High-Tech remodeling Group, Inc, ALP Networks, Inc. etc.

79. Mr. Dugar admitted that he received some payment for his contractor's service. (Exhibit 70 Excerpt of Dugar Deposition Transcript on October 25th, 2019).  He failed to disclose who paid him for his general contractor services.

80. Mr. Dugar failed to disclose the financial arrangement between him and his in-law Bobby Joe Davis, Bobby Joe Davis paid the spousal support monthly to Cindy Dugar, Mr. Dugar's ex-wife. (Exhibit 72 Divorce Decree with Cindy Dugar, Exhibit 73 Bobby Joe Davis' monthly Checks to Cindy Dugar).

81. Debtor Lanny Jay Dugar made false oath when it comes to his assets. He intentionally withheld information, including but not limited to his residential address, his assets.

82. On his bankruptcy petition, Mr. Dugar listed 20335 Ventura Blvd, Suite 422, Woodland Hills, Ca 91364 as his home address. In fact, this is a business address.

83. Mr. Dugar lied to chapter 7 trustee that he is homeless at creditor's meetings However, in his bankruptcy petition he listed that he paid more than 500 dollars for rent per month.

84. Mr. Dugar lied on his petition that he only had five dollar cash with him when he filed bankruptcy petition. He failed to disclose that he owns horses, computer, vehicles, etc.

85. Mr. Dugar withheld the information that he has financial interests in Finest Home Remodeling, Inc, American Preferred Builder, Inc, Image Home Designs, Inc, American Home Improvement, Inc, Green NGR Group, APAC Trading, Inc, High-Tech remodeling Group, Inc, ALP Networks, Inc. etc.

86. Mr. Dugar failed to disclose his income as a responsible managing operator. (Exhibit 70 Excerpt of Dugar Deposition Transcript on October 25th, 2019 P 70 L 24 to P71 L 22).

87. Mr. Dugar failed to disclose that he used to have a realtor license until 2018. He failed to disclose his income from real estate broker's license on bankruptcy petition. During the deposition, Mrs. stated that he made some money by being a real estate broker. (Exhibit 30 a copy of Dugar's Deposition dated on October 25, 2019 page 26 line 19 to page 71 line 22).

88. Mr. Dugar failed to disclose that he is a director of Image home Design, Inc on his bankruptcy petition.

89. Mr. Dugar lied under the oath that his ford car was burned (P 19 line 13-14 of Exhibit 69 Excerpt of Dugar's Deposition on August 25, 2021).

90. According to BOA bank records, FHR made millions of dollars each year from 2013-2015. (Exhibit 35 BOA Bank statements for Finest Home Remodeling Inc. in 2015, Exhibit 35 B BOA Bank statements for Finest Home Remodeling Inc. in 2016).

91. According to LA city tax, FHR's taxable income in 2015 is US $ 990,227.  (Exhibit 30 LA City Tax file for Finest Home Remodeling, Inc.) However, Mr. Dugar failed to provide the information where the monies went.

92. Again, LA city tax audit shows that Mr. Dugar's company California Preferred Builders, Inc./Image home Design, Inc. made US$ 3,294,801 in 2013, US$ 4,652,825 in 2014, US$ 5,235,835 in 2015, and US$1,937,374 in 2016. (Exhibit 32 LA City Tax audit file for California Preferred Builders, Inc./Image Home Design). Again, Mr. Dugar failed to account for where the monies went.

93. Image Home Design, Inc. deposited 1,452,007.54 dollars into its Citibank checking account from April 1, 2018 to August 31, 2018. (Exhibit 41 Dugar new Chase Bank account information in 2021).

94. Image Home Design, Inc moved 125,000 dollars into IMD Home Design, Inc. 50,000 dollars into Jacob Sherf's account and 5,400 dollars to Guy Sherf's account from April 30, 2018 to September 14, 2018. (Exhibit 42 Finest Home Remodeling's Checks to ALP Networks, Inc.)

95. Mr. Dugar failed to account for where the Citibank monies went and where the monies on IMD Home Design, Inc.'s bank accounts went.

96. Mr. Dugar colluded with his business partners Jacob Sherf, Moshe Ben Nissan, Yaar Kimhi, Grant Kahn, etc. to hide his assets and to move around.

97. American Top Remodeling, Inc, Finest Home Remodeling, Inc, California Preferred Builders, Inc. Image Home Design, Inc, American Home Improvement, Inc, Green NGR Group, Inc, APAC, trading operated from the same address 20355 Ventura Boulevard, Suite 416/422, Woodland Hills, Ca 91364. (Exhibits 1.3.7,8,14,16. 19).

98. All of these companies did the same line of business and hire the same employees, such as David Neyer, who deals with LA City Tax office for all of these companies. (Exhibits 30-34). These companies were created to move monies when it comes to civil or criminal liabilities.

99. Mr. Dugar refused to be cooperative when it comes to discovery. He refused to provide his residential address (Exhibit 69 Excerpt of Dugar Deposition transcript on August 25, 2021, Page 6 line 22) He refused to provide the information of his current bank accounts. (Exhibit 69 Page 13 line 14-15). He refused to provide his tax information. On Dugar's bankruptcy petition, he listed that he owed 3000 dollars for IRS 2015 tax return. During the deposition, he denied that it was for 2015 tax return. (Exhibit 69 Page 70 line 12). In fact, Dugar's company made millions of dollars in 2015.

100.   Mr. Dugar stated clearly that he has every intent never to give Bjornbaks a dime.

(Exhibit 3 page 59 line 25). That explains why Mr. Dugar has been very hostile and

evasive during the whole case proceedings.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct and that this Declaration is executed on October 29, 2021 at Los

Angeles, California.

Respectfully Submitted,

Qiang Bjornbak

FOR PLAINTIFF
David Bjornbak and Qiang Bjornbak

Qiang Bjornmbak's Declaration in support of Bjornnbaks' Motion for a Summary Judgment

16

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

133 W Marshall Street, Suite A, San Gabriel, CA 91776

A true and correct copy of the foregoing document entitled (*specify*): Bjornbaks' notice of motion, Motion for summary judgment, Statement of Uncontroverted Facts, Qiang Bjornbak's declaration in support of motion for summary Judgment, Exhibits 1-74

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/30/2021 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David Gottlied, dgottlieb@dkgallc.com, Katherine Bunker, Kate.Bunker@usdoj.gov,

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) 10/30/2021 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Victoria Kaufman, 21041 Burbank Boulevard, Suite 354 / Courtroom 301, Woodland Hills, CA 91367
Lanny Jay Dugar, 20335 Ventura Boulevard, Suite 422, Woodland Hills, CA 91364

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 10/30/2021 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
David Gottlieb, 16255 Ventura Blvd., Ste. 440, Encino, CA 91436, dgottlieb@dkgallc.com
Katherine C. Bunker, 915 Wilshire Blvd., Ste. 1850, Los Angeles, CA 90017, Kate.Bunker@usdoj.gov
Lanny Jay Dugar, 20335 Ventura Boulevard, Suite 422, Woodland Hills, CA 91364, dugarjay2@gmail.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/30/2021 | Jibing Li | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**