# FOR PUBLICATION

FILED & ENTERED

MAR 01 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Pgarcia   DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>LANNY JAY DUGAR,<br><br>                    Debtor.<br>_____<br><br>DAVID BJORNBAK and QIANG BJORNBAK,<br><br>                    Plaintiffs,<br><br>v.<br><br>LANNY JAY DUGAR,<br><br>                    Defendant. | Case No.: 1:20-bk-11166-VK<br><br>Chapter 7<br><br>Adv. No.: 1:20-ap-01083-VK<br><br>**MEMORANDUM OF DECISION DENYING PLAINTIFFS' MOTION TO DEEM CERTAIN FACTS ADMITTED**<br><br>Date:  February 16, 2022<br>Time:  1:30 p.m.<br>Place:  Courtroom 301<br>          21041 Burbank Blvd.<br>          Woodland Hills, CA 91367 |

For the reasons set forth below, based on Federal Rule of Civil Procedure 36(b), applicable to this matter pursuant to Federal Rule of Bankruptcy Procedure 7036, and the *Order To Show Cause Why The Court Should Not Allow The Withdrawal And/Or Amendment Of Any Deemed Admissions of Defendant Pursuant To Fed. R. Bankr. P. 7036 And Fed. R. Civ. P. 36(b)* [doc. 100], the Court will relieve defendant Lanny Jay Dugar from any deemed admissions based on plaintiffs' request for admission, served on June 9, 2021 and for which Mr. Dugar provided responses and objections to plaintiffs on June 17, 2021.  In addition, the Court will allow Mr. Dugar to provide amended responses to that request for admissions, based on the amended responses included in Mr. Dugar's *Opposition to Qiang Bjornbak's Motion to Admit RFA's.*

## I.    BACKGROUND

### A.    *Plaintiffs' Claims for Relief and Defendant's Answer*

On July 2, 2020, Lanny Jay Dugar ("Defendant") filed a voluntary chapter 7 petition in pro per.[1]  On October 6, 2020, David Bjornbak and Qiang Bjornbak ("Plaintiffs") filed a complaint against Defendant, objecting to Defendant's receipt of a discharge pursuant to 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), (a)(5) and § 727(c).  *Complaint Objecting to Discharge* ("Complaint").  On October 30, 2020, Defendant filed his *Answer to Complaint Objecting to Discharge [11 U.S.C. §§ 727(a)(2), 727(a)(3), 727(a)(4), 727(a)(5), 727(c)]* (the "Answer").  For the most part, Defendant denies each of Plaintiffs' allegations.[2]

---

[1] On July 6, 2020, the Court granted Defendant's application to waive the chapter 7 filing fee.
On February 25, 2021, David K. Gottlieb, chapter 7 trustee, provided his report of no distribution, stating "[t]here is no property available for distribution from the estate." [1:20-bk-11166-VK]

[2] In the Answer, Defendant acknowledges that he sold "one scrap or salvage 2006 minni cooper" [sic] for $800.00, because he "simply forgot and had no intent to defraud 'plantiff' or conceal."  Defendant also acknowledges in the Answer that he is a plaintiff in a pending civil lawsuit, which he did not include in his schedules.  *Id.*

**B.**       ***Initial Discovery Cutoff Date and Extension of Discovery Cutoff Date***

After reviewing status reports filed by each of the parties and holding its first status

conference in this adversary proceeding, the Court entered an order requiring the parties to meet

and confer in accordance with Federal Rule of Civil Procedure ("Rule") 26, made applicable

thereto under Federal Rule of Bankruptcy Procedure 7026, and set a continued status conference

[doc. 8].

On January 14, 2021, Plaintiffs filed a status report, to which they attached 41 exhibits

(exceeding 200 pages), apparently intending to support their allegations made in the Complaint. [3]

On January 22, 2021, Defendant filed a unilateral status report, asserting, *inter alia*, that he was

ready for trial.

On February 10, 2021, the Court held a status conference.  At that time, the Court set a

discovery cutoff date of August 31, 2021 and a deadline to file pretrial motions of September 30,

2021.

On June 23, 2021, Plaintiffs filed a motion to extend the discovery cutoff date to

September 30, 2021.  The June 2021 Extension Motion states:

> Plaintiffs have sent out about thirty subpoenas. It took some time to receive
> responses from subpoenas and for the undersigned to review the voluminous
> amount of documents. . . . Plaintiffs' counsel needs to spend a lengthy time to
> glean evidence from the discovery result and set up a deposition schedule.

On August 20, 2021, Plaintiffs filed a motion to extend the deadline to file pretrial

motions to October 31, 2021 (the "August 2021 Extension Motion").  The August 2021

Extension Motion states: "Plaintiffs have sent out about forty subpoenas.  It took some time to

---

[3] Although the parties repeatedly have filed pleadings with the title "Joint Status Report," and they have used the
Court-approved form "Joint Status Report [LBR 7016-1(a)(2)]," the opposing party(ies) have not signed these so-
called Joint Status Reports.  Consequently, these pleadings are more accurately described as unilateral status reports.

receive responses from subpoenas and for the undersigned to review the voluminous amount of

documents. . . . Plaintiffs will depose Lanny Jay Dugar on August 25th, 2021."

On September 24, 2021, the Court entered an order extending the discovery cutoff date

and the deadline to file pretrial motions to October 31, 2021.  Given this extension, before the

October 31, 2021 discovery cutoff date, the discovery period for this adversary proceeding lasted

nearly one year.

## C.    *Plaintiffs' Request for Admissions*

On June 9, 2021, Plaintiffs mailed to Defendant *Plaintiffs Bjornbaks' Request for*

*Admission, Set No. One* (the "Rule 36(a) Request").  Federal Rule of Bankruptcy Procedure 7036

incorporates Rule 36 and makes it applicable in adversary proceedings.  The Rule 36(a) Request

states, in pertinent part:

> Response to this request is to be performed within 30 days after service of this
> demand (35 days if this demand is served by mail) at the Plaintiffs' address of 510
> W. 6th Street, Suite 1024, Los Angeles CA 90014, unless otherwise agreed to
> between the parties. Pursuant to Federal Rule of Procedure [sic], Section [sic] 26,
> et seq., responding party is required to submit a written response to this demand
> subscribed under oath . . . .

*Id*.

The Rule 36(a) Request incorrectly states that Defendant, as the "responding party," must

submit his written response "subscribed under oath."[4]  In addition, the Rule 36(a) Request does

not inform Defendant of any consequences of his failure to respond in accordance with Rules 26

and/or 36.

---

[4] Rule 36(a)(3) does not state that a written answer or objection to a request for admission must be made under oath.
It states that the written answer or objection must be "signed by the party or its attorney."  In accordance with Rule
26(g)(1), such a signature constitutes a certification of certain facts set forth in Rule 26(g)(1), such as that the
response or objection is consistent with the Rules and not interposed for any improper purpose.

Plaintiff's request for admissions to Defendant include, among other requested admissions:

Admit that you made false representations as to your assets on your bankruptcy schedule on Form 101. [Request for Admission ("RFA") No. 3]

Admit that you transferred your cash or other assets to your son-in-law Matthew K. Davis.  [RFA No. 6]

Admit that you transferred your cash or other assets to your [sic] Bobby Joe Davis.  [RFA No. 7]

Admit that as of the filing date of the bankruptcy case, or at any time within two years prior you had one or more safe deposit boxes.  [RFA No. 9]

Admit that on the date of the bankruptcy you maintained one or more investment accounts.  [RFA No. 10]

Admit that you made a false representation to the bankruptcy trustee on August 7, 2020 by stating that you are homeless and live in a vehicle.  [RFA No. 11]

Admit that on the date of the filing of the bankruptcy case you were a plaintiff in an action against Carlos Darado.  [RFA No. 12]

Admit that you abused the court system by getting a fee waiver from the bankruptcy court while you had assets to purchase horses in 2020.  [RFA No. 13]

Admit that as of the filing date of the bankruptcy case, or at any time within one years [sic] prior you were the director or the shareholder of Image Home Design, Inc.  [RFA No. 14]

Admit that as of the filing date of the bankruptcy case, or at any time within one years [sic] prior you were the director or the shareholder of American Home Improvement, Inc. [RFA No. 16]

Admit that as of the filing date of the bankruptcy case, or at any time within one years [sic] prior you were the director or the shareholder of Hi-tech remodeling group, Inc.  [RFA No. 17]

Admit that as of the filing date of the bankruptcy case, or at any time within one years [sic] prior you were the director or the shareholder of ALP networks Inc. [RFA No. 18]

Admit that one year prior to the filing date of the bankruptcy petition, you sold a vehicle. [RFA No. 19]

Admit that you failed to disclose your personal property, six horses on bankruptcy schedule 106 A/B. [RFA No. 27]

Admit that you failed to disclose you are a beneficiary of a family trust. [RFA No. 30]

Admit that you made a false statement on Schedule 106 I by declaring that you have zero income.  [RFA No. 34]

Admit that you failed to disclose your employment in 2018 and in 2019.  [RFA No. 35]

Admit that you failed to disclose your bank accounts or investment accounts. [RFA No. 36]

Admit that you are the beneficiary of an interest in Davis Family trust. [RFA No. 37]

In June 2021, Defendant sent an email to Qiang Bjornbak, responding to the Rule 36(a) Request.  This email states:

Admission answers: 1. Deny 2. Object none required by judge. 3.deny 4.admit 5.deny 6.object attorney client privlidge [sic]. 7. Deny 8.+deny 9. Deny. 10 Deny. 11. Deny. 12. Deny 13. Deny. 14. Deny 15. Deny 16. Deny 17. Deny 18. Deny 19. Object debtor is nuot [sic] conducting discovery she knows that there was a correction and a declaration filed and given to her. Her only purpose is to harass and intimidate debtor. 20. Unknown 21. Unknown. 22. Unknown. 2 33. Unknown 24. Unknown. 25. Unknown. 26. 0bject [sic]. Again creditor knows the answer and has received a copy of filed declaration. 27. Deny 28. Deny 29. Deny 30. Deny 31. Deny 32. Deny 33. Deny 34. Deny 35. Deny 36. Deny 37. Deny. [5]

Defendant's emailed responses to the Rule 36(a) Request were timely provided, albeit apparently not sent via United States Mail, postage prepaid, to Plaintiffs' identified address in the Rule 36(a) Request or "signed."  Following their receipt of Defendant's e-mailed responses to the RFA, Plaintiffs took Defendant's deposition, during which he was questioned about issues noted in the Rule 36(a) Request.

---

[5] The parties previously had used email for discovery purposes.  For example, in December 2020, Plaintiffs sent a request for production of documents to Defendant by email.

### D.    *Plaintiffs' Motion for Summary Judgment and Unilateral Pretrial Statement*

On October 30, 2021, Plaintiffs filed a motion for summary judgment or for summary adjudication that Defendant is not entitled to a discharge of debt under 11 U.S.C. §§ 727(a)(2)-(5) (the "MSJ.[6] Among other things, Plaintiffs contend that they are entitled to summary judgment based upon facts Defendant "admitted . . . by failing to respond to Bjornbaks' request for admission sent to him on June 9, 2021."

On November 22, 2021, Plaintiffs filed a unilateral pretrial statement identifying 59 facts as "[a]dmitted and [r]equire no proof."  Attached to that unilateral pretrial statement are 77 exhibits which Plaintiffs identify as their trial exhibits.

On December 6, 2021, Defendant filed a unilateral pretrial statement addressing, among other things, the facts which Plaintiffs asserted were admitted.  For example, regarding his alleged failure to disclose his vehicles, Defendant acknowledges "[t]he one mistake was that I did purchase a 2006 Mini Cooper for $675 and sold it for $800 to Minni Auto Wreckers in Sun Valley, California."  Defendant further states:

> [He] did own several cars before bankruptcy.  A 2015 Carson Carrier, 1995 Mercedes Benz and a 1993 Toyota Camry disposed long before bankruptcy declared. . . . There was no requirement that these vehicles (except Mini Cooper) be included in bankruptcy schedules since they were disposed of years before bankruptcy was declared.

In this unilateral pretrial statement, Defendant also represents, among other things, that he does not have any horses, he did not fail to disclose bank accounts or investment accounts, he is not a beneficiary of any trusts and he had no employment in 2018 or 2019.  Rather, Defendant's total income was "SSA and SSI of about $1050 per month and food stamps of $148 per month."

---

[6] In support of the MSJ, Plaintiffs submitted 76 exhibits, which exceed 1000 pages, in the aggregate.

On December 8, 2021, the Court held a pretrial conference.  The Court questioned the basis for Plaintiffs' assertion in their unilateral pretrial statement, filed on November 22, 2021, that facts disputed by Defendant were "admitted" and "require[d] no proof."  Plaintiffs stated that these facts were admitted because Defendant failed to respond to their discovery requests.[7]

## E.    *Plaintiffs' Motion to Deem Certain Facts Admitted*

Given the dispute regarding "admitted" facts, on December 9, 2021, Plaintiffs filed a motion to deem many of the facts set forth in their MSJ and unilateral pretrial statement as admitted, on the grounds that Defendant failed to respond properly to the Rule 36(a) Request. In the Motion, Plaintiffs acknowledge that Defendant sent an email response to the Rule 36(a) Request to Qiang Bjornbak on June 17, 2021.  However, according to Plaintiffs, Defendant "failed to attach the verification page to his responses."

On December 22, 2021, Defendant filed an opposition to the Motion (the "Opposition") Defendant has signed the Opposition under penalty of perjury.  In the signed and verified Opposition, Defendant repeats and apparently amends certain of his responses to the Rule 36(a) Request, as emailed to Ms. Bjornbak in June 2021.  Regarding the apparently amended responses, the Opposition alters Defendant's prior responses to RFAs No. 2 (changed from "Object none required by judge" to "deny"), No. 6 (changed from "object attorney client [privilege]" to "deny") , No. 12 (changed from "deny" to "admit"), No. 15 (changed from "deny" to "admit"), No. 19 (changed from "object" to "admit"), Nos. 22-24 (changed from "unknown" to

---

[7] On December 20, 2021, at the Court's direction, Plaintiffs filed a revised unilateral pretrial statement.  In that revised unilateral pretrial statement, Plaintiffs describe these facts as "not contested" and "deemed facts," on the basis that "Dugar failed to respond to Bjornbak's request for admission under the oath within 30 days' of service."

"deny"), No. 25 (changed from "unknown" to "admit") and No. 26 (changed from "object" to "deny").[8]

On January 19, 2022, the Court issued an *Order To Show Cause Why The Court Should Not Allow The Withdrawal And/Or Amendment Of Any Deemed Admissions of Defendant Pursuant To Fed. R. Bankr. P. 7036 And Fed. R. Civ. P. 36(b)* (the "OSC"). On February 2, 2022, Plaintiffs filed a response to the OSC.  Defendant filed his response to the OSC on February 7, 2022.

## II.    APPLICABLE LAW

### A.    *Rule 26(g)*

In accordance with Rule 26(g)(1), every discovery request, response or objection must be signed by at least one attorney of record in the attorney's own name or by the party personally, if unrepresented.  Pursuant to Rule 26(g)(2):

> Other parties have no duty to act on an unsigned disclosure, request, response or objection until it is signed, and the court must strike it *unless a signature is promptly supplied after the omission is called to the attorney's or party's attention*.

Fed. R. Civ. P. 26(g)(emphasis added).

In *Bancroft Life & Casualty, Ltd. v. Scolari*, 2012 WL 1655659 (W.D. Wash. May 10, 2012), the district court evaluated whether to strike a party's expert reports that initially were not signed by the experts.  Rather than bringing that omission to the plaintiff's attention, the defendant filed a motion to strike the expert reports.  After the defendant filed that motion, the plaintiff promptly provided the defendant with signed declarations of both experts, curing any

---

[8] On the same day, Defendant filed a pretrial statement providing further responses to the Rule 36(a) Request.  On January 7, 2022, Defendant filed an opposition to the MSJ, which appears to reiterate his responses to the Rule 36(a) Request.  Defendant has verified his opposition to the MSJ.

defects.  Despite the initial lack of signatures, and given that plaintiff had corrected the defect, the court denied the defendant's motion to strike.

Similarly, in *Walker v. Target Corp*, 2017 WL 5483213 (S.D. Miss. June 13, 2017), the court evaluated whether to strike supplemental answers to interrogatories, which were not signed when first served on the defendant.  On the discovery deadline, the plaintiff served a signed copy of the supplemental answers.  Although the defendant never filed a Rule 37(a) motion to compel,[9] the defendant filed a motion to strike the supplemental answers.

The *Walker* court denied the defendant's motion to strike, noting that: (1) the defendant did not articulate any prejudice that was created by its delayed receipt of signed responses; (2) the defendant had the same information available to it for three months before it received the signed responses; and (3) the defendant's decision to seek relief after discovery had already closed did not justify the court's exclusion of the supplemental answers.

**B.**     ***Mandatory Two-Factor Test Under Rule 36(b)***

In accordance with Rule 36(a), a party may serve on another party a written request to admit the truth of any matters within the scope of Rule 26(a) relating to, among other things, facts and the application of law to fact.  Pursuant to Rule 36(a)(3), "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . .  signed by the party or its attorney.  A shorter or longer time for responding may be  . . . ordered by the court."  Fed. R. Civ. P. 36(a)(3).

---

[9] Federal Rule of Bankruptcy Procedure 7037 incorporates Rule 37 and makes it applicable in adversary proceedings.  Rule 37(a)(1) provides for a party to move for an order compelling disclosure or discovery.  "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

"The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). *See also In re Cantu*, 2009 WL 1257151, at * 1 (Bankr. S.D. Tex. May 4, 2009) (the "breadth [of Rule 36[a] allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters") (internal quotations and citations omitted).

Rule 36(b) concerns the consequences of an admission, or a "deemed" admission, and when such an admission may be withdrawn or amended. Pursuant to Rule 36(b), in pertinent part:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. . .

Fed. R. Civ. P. 36(b).

Rule 36(b) permits the court "to exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) 'the presentation of the merits of the action will be subserved,' and (2) 'the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'" *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (quoting Rule 36(b) amended, effective December 1, 1993). Courts are "to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985) (upholding denial of motion to withdraw or amend response made during trial, after admission already had been shown to jury).

"Under the two-prong test that Rule 36(b) forms, the party seeking withdrawal of admission bears the burden of satisfying the first prong: that withdrawal and amendment would promote the presentation of the merits of the action." *Arias v. Robinson*, 2022 WL 36915 *2 (D. Nev. Jan. 4, 2022) (holding that defendant met burden under Rule 36(b)'s first prong because upholding admissions would bar him from bringing arguments central to plaintiff's action).

Regarding the second prong, "[t]he party relying on the deemed admission has the burden of proving prejudice." *Id*.

> The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.

*Id*. (internal quotations omitted). "When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial." *Id*., at 623 (collecting cases).

In *Sonoda v. Cabrera,* 255 F.3d 1035 (9th Cir. 2001), the defendants did not timely respond to requests for admission, prompting the plaintiff to move for an order to deem all requests for admission admitted, which was granted. Subsequently, the defendants moved for relief from the deemed admissions under Rule 36(b). The district court granted the relief, and the plaintiff appealed.

The Ninth Circuit Court of Appeals decided that the district court did not abuse its discretion by granting relief to the defendants. *Id.*, at 1039-40. The Court of Appeals observed that allowing the plaintiff to proceed with a motion for summary judgment, based on the deemed admissions, "would effectively eliminate a merits determination." *Id.*, at 1040. The Court of

Appeals also agreed with the district court's analysis that, "because the motion was made pre-trial," the plaintiff "would not be hindered in presenting his evidence to the factfinder." *Id.*

In *Conlon*, the Court of Appeals affirmed a district court's ruling denying a request for relief under Rule 36(b) where the defendant: (A) "relied on the admissions… through the discovery and dispositive motion cut-off dates, with no indication that [the plaintiff] intended to file a motion to withdraw his admissions;" (B) "only eight days remained until trial;" and (C) as a result of relying on the deemed admissions through such a late stage of the proceeding, the defendant "conducted none of the discovery it otherwise needed to prove its case at trial." *Conlon*, 474 F.3d at 624.

In *Conlon*, the defendant's request for admissions explicitly stated:

> Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, defendant requests that plaintiff . . . . respond within thirty (30) days from service hereof, to the following requests for admissions. *In accordance with Rule 36, the failure to respond within the time provided will result in the matters set forth being admitted.*

*Id.*, at 619 (emphasis added). In a follow-up letter, the defendant's counsel again warned the plaintiff of the consequences of his failure to respond. *Id.*, at 620. Even under these facts, the Court of Appeals noted that "the issue is close . . .". *Id.,* at 624.

In *Vecron Exim Ltd. v. Stokes*, 2018 WL 6168022 (C.D. Cal. June 20, 2018), the defendant's counsel failed to respond to requests for admission. Based on the defendant's failure to respond to requests for admission, the plaintiff moved for summary judgment. Realizing the plaintiff's motion for summary judgment was unopposed by his counsel, the defendant retained new counsel and moved to withdraw his "deemed" admissions.

In granting relief to the defendant, the *Vecron* court noted that withdrawal of the deemed admissions would promote the resolution of the case on the merits. Id., at *3. In addition, when

trial was not scheduled to begin for four months, the court found that the plaintiff had sufficient

time to probe the responses to the requests for admissions and was not prejudiced.  The court

also noted that the defendant had "agreed to make himself available to be deposed," which

further mitigated the plaintiff's reliance on the defendant's deemed admissions during the prior

five months.  *Id.*, at 4, n.1.  *See also Harris v. German*, 2019 WL 283704, at *5-6 (E.D. Cal. Jan.

22, 2019) (granting plaintiff's motion to withdraw deemed admissions, following defendant's

filing of motion for summary judgment; defendant had already obtained plaintiff's deposition

testimony and documents received at that deposition, and plaintiff's allegations were based on

his personal knowledge of facts admissible in evidence).

### C.    *Additional Factors Relevant to Rule 36(b) Analysis*

Although the first two prongs of Rule 36(b) are mandatory, the court may consider

additional factors, including "good cause for the delay" and whether the party which would be

impeded by the deemed admissions "appears to have a strong case on the merits."  *Conlon*, 474

F.3d at 625.  "Rule 36(b) [does not] mandate that relief from a deemed admission may be granted

only upon a showing of good cause. . . ".  *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180,

1185 (9th Cir. 2016).

Relief from deemed admissions should not be denied when "[the] error is clearly an

inadvertent clerical error on which [the non-moving party] should not be able to benefit and base

his entire case.  To do so would violate the truth-seeking goal of Rule 36."  *Arias v. Robinson*,

2022 WL 36915, at *4, n.1 (D. Nev. Jan. 4, 2022).

### D.    *Notice of Impact of Failure to Provide Sufficient Responses to Request for Admissions*

With respect to a party's reliance on "deemed" admissions, courts have taken into

account whether the party seeking to rely on deemed admissions provided adequate notice about

the consequences of late or insufficient responses, in accordance with Rule 36.  In *Diggs v. Keller*, 181 F.R.D. 468 (D. Nev. 1998), the defendants mailed requests for admission to the plaintiff.  "The requests did not advise [the plaintiff] that, pursuant to Rule 36 . . ., the matters contained in the requests shall be deemed admitted unless said request is responded to within 30 days after service of the request or within such shorter or longer time as the court may allow." *Id*., at 469.  Based on the requests that the plaintiff failed to answer, the defendants moved for summary judgment.

The plaintiff, a pro se prisoner, contended that he was not aware of the effect that his failure to answer the requests would have.  The plaintiff believed that the defendants would be taking his oral deposition and that he would have an opportunity to answer the requests at that time. *Id*.  Because the plaintiff had not received notice of the consequences of his failure to respond to the requests, the court extended the time for the plaintiff to respond to the requests, notified the plaintiff of the necessity of answering the requests for admission and denied the motion for summary judgment as being premature.

In contrast, in *Warren v. Cybulski*, 556 B.R. 429, 432 (N.D. Cal. 2016), the district court affirmed a bankruptcy court's grant of summary judgment against the plaintiff, when summary judgment was substantially based on deemed admissions.  With respect to the deemed admissions, "[t]he [defendant's] RFAs specifically referenced Rule 36 and advised [pro se litigant] that if she 'fails to respond to or object to any request within thirty (30) days of the service of the [RFAs], the matter shall be deemed admitted.'" The plaintiff also signed a United States Postal Service return receipt acknowledging receipt of the requests for admissions, but she did not respond to them within the thirty-day deadline.  In affirming the bankruptcy court's grant

of summary judgment, the district court noted that the plaintiff did not move to withdraw or

amend her deemed admissions.  *Id*. at 436.

### III.    ANALYSIS

In this case, the Court will treat the Opposition as providing Defendant's *signed*

responses to the Rule 36(a) Request, after the defects of his initial responses were sufficiently

brought to his attention, as well as a motion to withdraw any deemed admissions and to amend

his initial responses to the Rule 36(a) Request.  Moreover, the Court has issued the OSC, by

which it provided the parties with notice and an opportunity to address whether Defendant

should obtain relief from any deemed admissions, and be able to amend his responses, in

accordance with Rule 36(b).

### A.    *First Prong of Rule 36(b) is Satisfied*

As to the first prong under Rule 36(b), if Defendant's responses to the Rule 36(a) Request

were stricken and he was deemed to admit each of the RFAs in the Rule 36(a) Request,

Defendant would not be able to testify about central facts regarding Plaintiffs' claims for relief

under §§ 727(a)(2), (a)(3) and (a)(4).

Under § 727(a)(2), a court shall grant a debtor a discharge unless "the debtor, with intent

to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of the

property … has transferred, removed, destroyed, mutilated, or concealed … (A) property of the

debtor, within one year before the date of filing of the petition; or (B) property of the estate, after

the date of the filing of the petition."

Here, Defendant contends that he did not, with intent to hinder, delay or defraud a

creditor, transfer or conceal property which he owned, within one year before the date of the

filing of the petition or after the date of the filing of the petition.  Binding Defendant to deemed

admissions of these factors, when Plaintiffs have insufficient evidentiary support for their

contentions, will satisfy the elements of § 727(a)(2) and could result in denial of Defendant's

discharge, notwithstanding the fact that Defendant disputes the relevant RFAs.

Section 727(a)(3) places an affirmative duty on the debtor to keep and preserve records

accurately documenting his or her business and personal affairs.  *See In re Caneva*, 550 F.3d

755, 762 (9th Cir. 2008).  To the extent that Defendant has been deemed to admit that he was

employed in 2018 or 2019, that he transferred his assets to various third parties, or that he was a

director or shareholder of several companies, Plaintiffs' contention that Defendant has not

properly kept and preserved records would be significantly strengthened, although Defendant

actually has denied that he was employed during that time, that he made any such transfers and

that he was a director or shareholder.

Section 727(a)(4)(A) denies a discharge to a debtor who "knowingly and fraudulently"

made a false oath or account in the course of the bankruptcy proceedings.  Plaintiffs requested

that Defendant admit that his bankruptcy schedules failed to disclose his interests in six horses

(RFA Nos. 1, 27, and 33), safe deposit boxes (RFA No. 9), investment accounts (RFA No. 10),

multiple positions as a director or shareholder (RFA Nos. 16-18) and that he is a beneficiary of a

family trust (RFAs No. 30).  Further, Plaintiffs requested that Defendant admit he made false

statements in the course of his bankruptcy case, including, among other things, that he falsely

represented that he is homeless and living in a vehicle (RFA No. 3), and falsely stated he had

zero income (RFA No. 34).

If Defendant is deemed to have admitted to each of the RFAs in the Rule 36(a) Request,

he will be unable to contest that he concealed assets or made false oaths.  Therefore, deeming

Defendant's initially unsigned responses as admissions, although he disputes these allegations, will conclusively establish that Defendant made a false oath or account pursuant to § 727(a)(4)(A) and could result in denial of Defendant's discharge.

In this case, treating Defendant's emailed responses as deemed admissions, although Plaintiffs did not promptly notify Defendant of the deficiency of his responses, nor file a motion to compel signed responses under Rule 37(a), and Defendant subsequently provided signed responses, will preclude Defendant from presenting much of his testimony regarding Plaintiffs' claims for relief; allowing withdrawal and amendment of Defendant's "deemed" admissions, if any, will promote the presentation of the merits of this action.

**B.**    ***Plaintiffs Have Not Met Their Burden to Establish Prejudice Under the Second Prong of Rule 36(b)***

As to the second prong, Plaintiffs have the burden of proving that they would be prejudiced if Defendant is relieved from any deemed admissions and is authorized to provide the amended responses set forth in his Opposition.  Here, Plaintiffs are not prejudiced. First, trial is not imminent; in fact, trial dates have not been scheduled.  Second, Plaintiffs have had ample time to conduct discovery, and they have taken extensive discovery, including through service of at least forty subpoenas.  Furthermore, Plaintiffs do not deny that they received Defendant's emailed responses to the Rule 36(a) Request, and that after their receipt of those responses, they took Defendant's deposition.

In all, Plaintiffs have not demonstrated that reliance on any deemed admissions, i.e., because Defendant's responses were emailed and not effectively "signed," caused the unavailability of evidence or the sudden need to obtain evidence close in time to trial.

Regarding any prejudice potentially arising from Defendant's amended responses to the Rule 36(a) Request, if Plaintiffs wish to depose Defendant with respect to his amended responses, as set forth in the Opposition, the Court will provide an opportunity for Plaintiffs to do so.

## C.    *Additional Factors Relevant to Rule 36(b) Analysis*

In addition to considering the two factors mandated by Rule 36(b), other factors weigh in favor of permitting Defendant to withdraw any deemed admissions and to amend his initial e-mailed responses.

Plaintiffs' Rule 36(a) Request, served upon a self-represented defendant, does not accurately discuss the requirements of Rule 36(a) or set forth the consequences of Defendant's responses failing to meet the requirements of that rule.  Unlike cases in which courts did not relieve a party from deemed admissions, Defendant **did** timely respond to the Rule 36(a) Request, although he did not sign his responses, which were emailed.  Moreover, Plaintiffs do not deny that they received Defendant's emailed responses to the Rule 36(a) Request.  Finally, after they received those responses, Plaintiffs took Defendant's deposition and conducted other extensive discovery, and they never filed a motion to compel, or otherwise provided him with an opportunity to correct his failure to sign the responses, before they filed their MSJ and unilateral pretrial statement, both of which heavily rely on allegedly admitted facts.

After the defective nature of his emailed responses was brought to Defendant's attention, Defendant signed his responses to the Rule 36(a) Request (as well as amended some), by including them in the Opposition which he filed on December 22, 2021.

## IV.    CONCLUSION

Taking into account the two-factor inquiry mandated by Rule 36(b) and the other pertinent factors, and Defendant having provided his signed responses to the Rule 36(a) Request, the Court will relieve Defendant from any deemed admissions and allow Defendant to amend his responses to the Rule 36(a) Request, as set forth in his signed Opposition.  If Plaintiffs seek to depose Defendant about his amended responses, the Court will provide for his deposition to be taken, for a second time, by Plaintiffs.

# # #

Date: March 1, 2022

Victoria S. Kaufman
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled MEMORANDUM OF DECISION DENYING PLAINTIFFS' MOTION TO DEEM CERTAIN FACTS ADMITTED was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** -- Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of February 22, 2022, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- **Qiang Bjornbak**    qbjornba@gmail.com, qbjornba@outlook.com
- **David Keith Gottlieb (TR)**    dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com
- **Anne C Manalili**    acmecf@laklawyers.com
- **Matthew D. Resnik**    matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

**Lanny Jay Dugar**
20335 Ventura Blvd #422
Woodland Hills, CA 91364

☐ Service information continued on attached page